[No. 6668.]

NEWSOM V. JACOBS.

1. TAX DEED—*Void*—A treasurer's deed reciting a sale of lands to the county, on the same day on which the sale was commenced is void upon its face—(581).

2.     ——*Parol Evidence to Explain or Reform*—Parol evidence is not admissible to show that in fact the statute was complied with where the party asserting the tax title has failed to plead this state of facts—(582).

3.     ——*Limitation*—A tax deed void upon its face does not set in motion the five year statute of limitation (Rev. Stat. Sec. 5733)—(582).

4.     PRACTICE IN THE SUPREME COURT—*Questions Not Presented Below*—The defendant prevailing in the court below, will not, on error brought, be heard to allege that plaintiff should have been non-suited, where no motion for a non-suit was made in the court below—(583).

*Error to Washington District Court*—Hon. E. E. ARMOUR, Judge.

Mr. JOHN F. MAIL for plaintiff in error.

Mr. AUGUST MUNTZING and Mr. EGBERT MORE for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This is an action in ejectment; the plaintiff alleged ownership, etc., for Lot 12 in Block 6, Original Town of Akron, Washington county, Colorado. The defendant by answer, first, denied such ownership; second, alleged he was the owner of the lot and in possession; third, alleged he was the owner by virtue of a tax deed issued and recorded over five years prior to the bringing of the action. Judgment was for the defendant, holding the tax deed good. The plaintiff brings the case here for review upon error.

The evidence discloses that the lot in controversy was twenty-five feet wide and one hundred forty feet deep. The plaintiff deraigned title to about four-fifths of this lot (subject to any title transferred by the tax deed); she makes no attempt to establish her title to the remainder of it. The defendant being in possession of the entire lot, this was *prima facie* evi-

dence of his right to possession as against the plaintiff to that portion of the lot to which she failed to establish her title.—*Moon v. Rollins*, 36 Calif. 333.

The defendant, over objections, offered in evidence a tax deed for this lot; the portion material to this controversy reads as follows:

" * * * whereas, the treasurer of said county, did, on the twenty-first day of October, A .D. 1895, by virtue of the authority vested in him by law, at (an adjourned sale) the sale begun and publicly held on the twenty-first day of October, A. D. 1895, expose to public sale at the office of the treasurer in the county aforesaid, in substantial conformity with the requirements of the statute in such case made and provided, the real property above described, for the payment of taxes, interest and costs then due, and remaining unpaid on said property; and, whereas, at the time and place aforesaid, W. S. Stratton, Co. Treas. (for Washington Co.) of the County of Washington, and State of Colorado, having offered to pay the sum of six dollars and eighty cents, being the whole amount of taxes, interest and costs then due, and remaining unpaid on said property, for the above described property which was the least quantity bid for, and payment of said sum having been made by him to the said treasurer, the said property was stricken off to him at that price."

This was followed by the allegations of the sale of the certificate, by the county, its assignment to the defendant, his payment of subsequent taxes and the other matters, including the execution of the deed to him, etc.

Under the ruling of this court in the case of *Bryant v. Miller*, 48 Colo. 192, this deed recites facts, if true, which make void the sale upon which it is based. After the admission in evidence of this deed, the defendant over objections was allowed to intro-

duce evidence to show that this tax sale was in fact commenced on the 7th of October of that year and continued until October the 21st, and also other matters in connection therewith.

In the case of *Page v. Gillett,* 47 Colo. 289, we held, that where a tax deed was void upon its face, outside testimony was not competent to show that the requirements of the statute wherein the deed was defective in so stating, had in fact been complied with; that in such case the proof might tend to establish valid sales, but that it would not mend void deeds; that it might be one step in the proof that the grantee was entitled to a good deed when he got a bad one; but that where the question was not in issue, viz., where the defendant had not plead or counted upon the facts that each step necessary to effect a valid sale for taxes was taken except as the deed itself shows, that he must be liimted in proof to the issues tendered. These principles are applicable here. The defendant plead title by virtue of a tax deed which he alleged was not subject to attack, having been issued and recorded for over five years prior to the institution of this action. Having relied upon his deed and the five-year statute of limitation, the deed being void upon its face for the reasons stated, he was not entitled to the benefit of this statute by showing *aliunde* that he would have been entitled to a valid deed. For which reasons, as the issues were made up we are of the opinion that the court erred in the admission of the deed as well as the other evidence in support of the regularity of the proceedings leading up to its execution.

The defendant makes the further contention, that if the plaintiff was entitled to recover at all, that she left the court below, and is leaving this court, in the dark as to just how much land she should recover. It is urged, that the burden to show this was

on the plaintiff; that the case made in this respect was not sufficient to put the defendant to proof of his defense and for these reasons plaintiff should have been non-suited. An examination of the record fails to disclose any motion for a non-suit. At the close of the plaintiff's case the defendant proceeded with his evidence. The trial court erroneously held that the defendant's tax deed vested the title to the entire lot in him. This necessitates a reversal of the judgment.

Upon a new trial the issues may be materially changed. We do not think it incumbent upon us at this time to pass upon questions which may not be necessary to consider upon a second trial.

For the reasons stated the judgment is reversed and the cause remanded with leave to the parties to amend their pleadings as they may be advised.

*Reversed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.