[No. 6777.]

## KIT CARSON LAND CO. v. GORDON.

TAX TITLES—*Void Deed*—A tax deed of lands, based upon a sale to the county, which fails to show the date of the sale, or according to which, if any date set down therein be accepted as the date of the sale, shows that the land was struck off to the county many days before the public sale began, is void upon its face.

*Appeal from Kit Carson District Court.*—HON. W. S. MORRIS, Judge.

Mr. LOUIS VOGT and Mr. P. B. GODSMAN, for appellant.

Messrs. ALLEN & WEBSTER, for appellee.

Mr. JUSTICE HILL delivered the opinion of the court:

The appellee, as plaintiff, brought this action to quiet his title to certain land in Kit Carson county. He deraigned title from the United States. The defendant to sustain its title, offered in evidence a tax deed; the court, upon objection, refused to admit the deed in evidence. Judgment (upon complying with certain conditions) was for the plaintiff.

The sole question for determination is whether this tax deed is void on its face. It fails to state upon what date the land in question was sold to the county, although it discloses that it was bid in by the treasurer for the county at the tax sale for the year 1900. If any date therein named can be applied as the date of the sale, it is one which would show it was sold thirty-three days before the date that the deed states the tax sale was actually begun. Accepting either horn of the dilemma, following the line of reasoning announced in the cases hereafter

cited, the deed is void upon its face.—*Empire Ranch & Cattle Co. v. Coldren,* 51 Colo. 115, 117 Pac. 1005; *Bryant v. Miller,* 48 Colo. 192; *Clark v. Huff,* 49 Colo. 197; *Page et al. v. Gillett,* 47 Colo. 289; *Newsom v. Jacobs,* 51 Colo. 579, 119 Pac. 623; *Haynes v. Heller,* 12 Kans. 381.

The trial court was correct in sustaining the objection. The judgment is affirmed.          *Affirmed.*

Decision *en banc.*

Chief Justice Campbell not participating.