No. 10,676.

HAMER v. GLENN INVESTMENT CO., ET AL.

Decided March 3, 1924. Rehearing denied June 2, 1924.

Action to quiet title.   Judgment for defendants.

*Affirmed.*

1. TAXES AND TAXATION—*Tax Sale—Date.* A tax sale is invalid unless held at the time required by the statute.

2.    *Tax Sale—Date.* Section 7411, C. L. '21, does not validate a tax deed under a sale held after the time fixed by statute, where there is no cause shown for the postponement.

3.    *Tax Sale.* Compliance with every requirement of the statute must be affirmatively shown to validate a tax sale.

4.    *Tax Deed—Wrong Date—Void.* A tax deed showing a wrong date is void on its face.

5.    *Tax Deed—Evidence.* Section 7426, C. L. '21, makes a tax deed prima facie evidence of certain facts, but the fact that the sale was held at the proper time is not one of them.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Mr. FRANK MCLAUGHLIN, for plaintiff in error.

Mr. GEORGE A. CHASE, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

PLAINTIFF in error brought suit to quiet title, was defeated and brings error.

The defendants relied on a tax deed, dated November 29, 1919, which recited that the tax sale upon which it depended was "begun and publicly held on the 20th day of November, A. D. 1916," and plaintiff in error claims it was void on its face because the statute, C. L. § 7410, requires the sale to be begun on or before the second Mon-

day in November, which was the 13th. We think the claim must be upheld.

The rule is unquestioned that the sale is invalid unless held at the time required by the statute. 2 Cooley on Tax., (3rd Ed.) 938, 939; 37 Cyc. 1336. Defendant in error invokes C. L. § 7411: "If, from any cause, real property can not be duly advertised and offered for sale on or before the second Monday of November, it shall be the duty of the treasurer to make the sale on any subsequent day in which it can be made, allowing time for the publication of notice, as provided in this act," but the deed recites no cause for the postponement and we find no evidence of cause in the record.

The rule is that compliance with every requirement must be affirmatively shown. 37 Cyc. 1516; Cooley on Taxation, (3rd Ed.) 915, 917, 938, and a deed showing a wrong date is void on its face. *Newsom v. Jacobs,* 51 Colo. 579, 119 Pac. 623. Here we have a deed which recites a date of sale unlawful unless for cause, and shows no cause. How can we say it is not void on its face?

Defendant in error invokes C. L. § 7426, which makes a tax deed prima facie evidence of certain facts, so that they need not be otherwise proved, but the fact that the sale was held at the proper time is not one of them.

Since, outside the deed, there was no evidence of cause, the question of the competency of such evidence is not before us.

The foregoing conclusions make it unnecessary to consider the other matters noticed in the briefs.

Judgment reversed and cause remanded for further proceedings not inconsistent with the views herein expressed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.