## No. 11,765.

### Wenig, Conservatrix *v.* Lyons.

Decided January 31, 1927.

On motion to vacate a decree quieting title to land. Motion denied.

*Reversed.*

*On Application for Supersedeas.*

1. Taxes and Taxation—*Tax Deed—Validity.* A tax deed issued under a sale held at a later date than that fixed by statute, no cause appearing for the delay, is void.

2. Judgment—*Vacation—Motion—Apt Time.* Where a decree to quiet title was entered October 10, 1925, against defendant, who was mentally incompetent and had not been served with process, motion to vacate the judgment filed October 7, 1926, was in apt time under the facts disclosed, and should have been sustained.

*Error to the County Court of Washington County, Hon. John G. Hudson, Judge.*

Messrs. COEN & SAUTER, for plaintiff in error.

Mr. SAM CHUTKOW, Mr. JOHN F. MAIL, for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

LYONS obtained a default decree against Orah E. Clark and unknown defendants, quieting title to land. Clark then was, and has continued to be, confined in an asylum in another state. Mary Wenig, her conservatrix, moved to vacate the decree. The motion was denied, and the case is here upon her application to make the writ of error herein a supersedeas.

Lyons claims title by virtue of a deed to him executed by the county treasurer pursuant to a sale for delinquent taxes. The same day he received the deed he brought this suit. The next day he moved for the appointment of a guardian ad litem, alleging that he "has been informed that the defendant Orah E. Clark may be a person that is mentally incompetent." The court appointed a guardian ad litem, who on July 1, filed an answer alleging his ignorance of the facts and demanding proof.

Lyons, on July 14, in his application for publication of summons, named Bird City, Kansas, as the post office address of Clark. The summons was published and a copy mailed, directed to Clark at Bird City. At that time she was not there, but was in an asylum in another place. According to the affidavit of her conservatrix, Clark never was a resident of Bird City, and never received any notice of the suit; but it does not appear that Lyons was fully aware of the situation.

October 2, a default was entered. October 10 there was entered a decree, quieting title in Lyons. It recites "that the defendants and each of them have not in any

manner appeared either in person or by any person on their behalf.'' There is nothing to advise us whether or not the guardian ad litem was present, protecting the rights of the insane person. According to the decree, evidence was introduced on behalf of Lyons. The evidence consisted of the county treasurer's deed to him. There was no proof of actual possession. Lyons evidently relied upon constructive possession by virtue of good title.

The affidavit supporting the motion to vacate the decree, and the tendered verified answer, deny that Lyons is the owner of the land, and allege that the tax deed under which he claims title is void. The deed introduced in evidence recites a sale ''begun and publicly held December 15th, 1921.'' There is no recital therein, and there was no evidence of cause why the tax sale was not begun on the second Monday in November. C. L. §§ 7410, 7411; *Chase v. Bogardus,* 78 Colo. 573, 243 Pac. 546; *Hamer v. Glenn Investment Co.,* 75 Colo. 423, 226 Pac. 299.

The affidavit and the tendered answer aver also that the defendant Clark was and is insane and confined in an asylum in another state, and that payment has been made to the county treasurer of all sums proper and necessary for the redemption of the property. C. L. § 7431 provides: ''The lands of * * * insane persons so sold, * * * may be redeemed at any time within one year after such disability shall be removed.''

The conservatrix has made a prima facie showing of a meritorious defense. But Lyons claims that the application to vacate the decree was not made in apt time. Section 81 of the Code provides: ''When, for any cause, the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant, or his legal representatives, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action.''

The decree was entered October 10, 1925; the motion to vacate the decree was filed within one year thereafter, to wit, on October 7, 1926. Clark then was, and is now, insane and confined in an asylum in another state, and never received any notice of the pendency of the suit. Even if she had received notice, she could not have appeared in her own behalf. Within two months after the entry of the decree attorneys Coen and Sauter applied to have a conservator appointed so as to protect Clark's interest. On January 12, 1926, Lyons applied for leave to intervene and oppose the appointment of a conservator. The court denied his application, and appointed Mary Wenig conservatrix; whereupon Lyons appealed to the district court.

A stipulation recites: "That said appeal was sought to be presented to the district court for decision, after the said appeal had been perfected by the defendant in error, on or about June 9th, 1926 and on or about June 16th, 1926. That application was made on the respective dates to both Judges of the Thirteenth Judicial District, but the parties were unable to have the same set down for hearing. That Judge H. E. Munson requested that the same be heard before Judge L. C. Stephenson, who was handling the cases in the Thirteenth Judicial District for the counties of Morgan, Washington and Yuma.

"That the said Judge L. C. Stephenson was absent from the district during the greater part of the summer and returned to the district during the month of September, having advised the parties that the matter of the appeal on the appointment of the conservator aforesaid could be heard at Akron, Colorado, on September 13th, 1926. That on the said date, said appeal was heard and the said appeal was dismissed and the appointment of said conservator by the county court of Washington county, Colorado, was sustained."

It does not appear that during the interval between the entry of the decree and the filing of the motion to vacate it, the situation of Lyons was altered to his disadvantage

in any respect. *DuBois v. Clark,* 12 Colo. App. 220, 55 Pac. 750. From the affidavit it appears that the redemption money is in the hands of the county treasurer, so that Lyons is sure of either the land, or a return of his money with interest. The motion was in apt time.

Under the circumstances disclosed by the record, justice demands that the conservatrix be permitted to defend the property rights of Orah E. Clark who, by reason of her mental affliction, has been unable to defend those rights herself. The motion should have been sustained.

The judgment is reversed, with instructions to sustain the motion to vacate the decree, and to permit the plaintiff in error to file an answer within a reasonable time.