## No. 11,515.

### HOWE *v.* BENNETT.

Decided February 7, 1927.

Action to quiet title to a city lot. Judgment for plaintiff.

*Affirmed.*

1. TAXES AND TAXATION—*Tax Deed—Validity.* A tax deed issued under a sale held at a later date than that fixed by statute, no cause appearing for the delay, is void.

2. ATTORNEY AND CLIENT—*Briefs—Improper Criticism of Trial Court.* Where counsel went outside the record and referred insultingly to the trial judge, he is reprimanded and warned not to repeat the offense.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. GEORGE A. CHASE for plaintiff in error.

Mr. FRANK L. HAYS for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE defendant in error sued the plaintiff in error to quiet title to a city lot in Denver, and had judgment, which judgment the plaintiff in error seeks to have reversed. We will refer to the parties as they appeared in the trial court.

It was stipulated that at one time title to the lot was in the Colorado Realty and Securities Company. By mesne conveyances the title of that company became vested in and remained in the plaintiff, unless divested by tax deed. The defendant claims title under a tax deed issued pursuant to a tax sale held in 1915 for the taxes of 1914. The tax deed recites that the sale was "begun and held on the 22nd day of November, A. D. 1915," but does not state any cause why the sale was not commenced "on or before the second Monday in November," as required by C. L. § 7410; nor was there proof of any cause for the delay. C. L. § 7411. The tax deed therefore was void. *Chase v. Bogardus,* 78 Colo. 573, 243 Pac. 546; *Hamer v. Glenn Investment Company,* 75 Colo. 423, 226 Pac. 299. Indeed, we have already held this identical deed to be void. *Bennett v. Morrison,* 78 Colo. 464, 242 Pac. 636.

Defendant contends, however, that the plaintiff's title derived through mesne conveyances from the Colorado Realty and Securities Company has been extinguished by the tax sale of 1911, pursuant to which a tax deed was issued to Walter B. Bennett, the plaintiff's husband. But that deed also is void, for it recites a sale begun and publicly held on the 13th day of November, 1911, and does

not state any cause for not beginning the sale at the date prescribed by statute, and there was no proof of any such cause. The trial court correctly held that the plaintiff has good title and that the defendant has no title.

· There is nothing in the abstract to sustain the defendant's assignment of error that the trial court displayed a prejudiced attitude, inattentiveness and lack of consideration.

In his brief, counsel for the plaintiff in error inserted an insulting reference to the trial court. An independent and fearless bar is as essential to the administration of justice as is an independent and fearless judiciary, and counsel should and does enjoy considerable latitude in criticising the conduct of courts in the trial of cases, where he believes that such conduct has prejudiced the rights of his clients, and where the argument is based upon the record. But for counsel to go outside of the record, as was done in this case, and refer to the trial court in terms of gratuitous insult, transcends the limits of legitimate argument, and is highly reprehensible. In *Walker Investment Co. v. Fleming,* 79 Colo. 434, 246 Pac. 207, the same attorney filed a brief making a similar attack upon the same court, presided over by the same judge, and we there said, at page 439: "The typewritten argument filed by the attorney for the plaintiff in error in this cause on the application for a supersedeas refers to the action of the trial judge in language grossly improper. Due regard for the proper respect to courts of justice and judicial officers forbids the preservation of such a brief in the files of this court, and the document will be stricken from the files, with the admonition to counsel that a repetition of such impropriety will be met by more drastic action by this court."

The brief in the present case was filed before the opinion in the Walker case. When that opinion was written we did not know that such a brief as this one was on file. If our attention had been called to the situation, counsel would not have escaped with an admonition. The fact

that the brief in this case was filed before the opinion in the Walker case alone prevents us from applying at this time the drastic remedy referred to in the opinion in that case. As it is, we repeat with emphasis the warning there given.

The judgment is affirmed.