## No. 12,579.

### HOCHMUTH *v.* NORTON ET AL.
(9 P. [2d] 1060)

Decided March 28, 1932.

Mr. FRANK L. HAYS, for plaintiff in error.

Mr. ROBERT H. KANE, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties occupied the same relative position in the trial court and are hereinafter designated as there.

But two questions deserving consideration are presented by this record: (1) Was the question of the validity of defendants' tax deed before the trial court? (2) Was the deed void on its face?

Plaintiff brought ejectment to recover possession of two lots in Denver. By a second cause of action he demanded compensation for their retention. A demurrer for want of facts and ambiguity was overruled. The answer denied every material allegation save defendants' possession. This, it alleged, was peaceful, rightful and adverse. By cross-complaint defendants asserted ownership in fee and possession, alleged claim and color of title and payment of taxes for five years under a certain tax deed, $2,300 in improvements made on the premises, and pleaded the five year statute of limitations. By reply and answer to the cross-complaint plaintiff put these things in issue, specifically alleging that said tax deed was void on its face for an unlawful sale. A general demurrer to this pleading was overruled. The cause was tried to the court and at the close of plaintiff's evidence defendants' motion for nonsuit was sustained and they had judgment for their costs. To review that judgment plaintiff prosecutes this writ.

It was stipulated that a certain corporation, at the time of the expiration of its charter in 1919, had title to the lots in question. The evidence disclosed that on December 4, 1924, one Johnson was the sole surviving member of its last board of directors. On that day, as

trustee for the stockholders, he quitclaimed to plaintiff. His authority to do so under section 2295, p. 757, C. L. 1921, is clear.

█ 1. Plaintiff put in evidence, without limitation, an abstract of title to the lots. Under section 34, chapter 150, page 600, S. L. 1927, this is "prima facie evidence that the chain of title is as shown" thereby. Most of it was wholly unnecessary to plaintiff's case. But since it went in without objection and, so far as it related to his title, was cumulative, it was properly admitted. Its offer being unlimited carried with it all entries relating to "the chain of title." It showed defendants' tax deed, dated and acknowledged March 14, 1919, recorded December 6, 1919, based upon a sale made November 30, 1915, for the taxes of 1914.

2. The tax deed itself was never offered and plaintiff's counsel specifically stated that if offered he would object to it because void on its face. The abstract entry neither mentions an "adjourned sale" nor offers other suggestion of a reason for the sale being held November 30. Under the statute, section 7410, p. 1894, C. L. 1921, it should have been commenced on the second Monday in the month, and in 1915 the second Monday fell on November 8. Moreover it was stipulated that the sale began November 22.

██ So far then as this record discloses plaintiff had made out a case, unless defeated by this tax deed. If good on its face, he was so defeated because his suit was then barred by section 7429, p. 1902, C. L. 1921 (amended by §5, c. 148, p. 440, S. L. 1925), which is the five year statute pleaded. But this limitation has no application to a deed void on its face. *Page v. Gillett,* 47 Colo. 289, 292, 107 Pac. 290; *Hughes v. Webster,* 52 Colo. 475, 478, 122 Pac. 789. And since all we know of this tax deed is gleaned from this abstract and the stipulation, we must conclude that it is void on its face as showing a sale made at a date contrary to law. *Hamer v. Glenn Investment*

*Co.,* 75 Colo. 423, 226 Pac. 299; *Kingore v. Wallace,* 85 Colo. 381, 276 Pac. 332.

The trial court held that plaintiff took nothing by his quitclaim because at its date his grantor's title had been extinguished by defendants' tax deed. But if, as we find from this record, that instrument was void on its face it extinguished nothing.

The motion for nonsuit should have been overruled and defendants' evidence, if any, received. The judgment is accordingly reversed and the cause remanded for further proceedings in harmony herewith.

Mr. Chief Justice Adams and Mr. Justice Hilliard concur.