## No. 12,744.

CITY AND COUNTY OF DENVER ET AL. *v.* BACH.
(22 P. [2d] 1114)

Decided May 29, 1933. Rehearing denied June 19, 1933.

Mr. THOMAS H. GIBSON, Mr. JAMES D. PARRIOTT, Mr. FRANK L. HAYS, Mr. JOHN F. MAIL, for plaintiffs in error.

Mr. GOLDING FAIRFIELD, for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

JOHN Bach, called herein the plaintiff, sued the City and County of Denver, called herein the defendant, to quiet title to certain lots in Denver. Judgment was ren-

dered in favor of Bach and the defendant seeks a reversal of the judgment.

Bach claims title under a tax deed executed by the manager of revenue, ex-officio treasurer of the City and County of Denver. If that deed is void on its face, the judgment was wrong and should be reversed; otherwise, the judgment was right and should be affirmed.

Section 7410, Compiled Laws, provides that the tax sale shall commence on or before the second Monday in November of each year. However, the very next section in the same statute, being section 7411, Compiled Laws, provides: "If, from any cause, real property cannot be duly advertised and offered for sale on or before the second Monday of November, it shall be the duty of the treasurer to make the sale on any subsequent day in which it can be made, allowing time for the publication of notice, as provided in this act." The treasurer's deed to the plaintiff recites: "Whereas the sale at which the real property hereinafter described was sold for delinquent taxes could not be held on or before the second Monday in November of 1922, due to the inability of the then Treasurer to compile the advertised list within the time specifically designated by statute, and was for that reason held at a later date as required by statute," to wit, on November 21, 1922. It also contains the following statutory recitals, as required by section 7425, Compiled Laws, prescribing the form of the deed: "* * * whereas, the Manager of Revenue ex-officio Treasurer of the said City and County of Denver, did, on the 24th day of November, A. D. 1922, by virtue of the authority vested in him by law, at * * * the sale begun and publicly held on the 21st day of November, A. D. 1922, expose to public sale, * * * in substantial conformity with the requirements of the statute in such case made and provided, the real property above described, * * * and whereas, all of the provisions of the statutes prescribing prerequisites to obtaining tax deeds have been fully complied with, and are now of record, and filed in the office

of the Manager of Revenue ex-officio Treasurer of said City and County of Denver." Section 7426, Compiled Laws, provides that the deed, when executed and recorded, "shall be prima facie evidence * * * of the following facts: * * * Seventh, That the property was sold for taxes as stated in the deed. * * * Ninth, That the sale was conducted in the manner required by law."

At common law a tax deed was not admissible in evidence unless accompanied by proof that all the requirements of the law had been complied with by the proper officer; the regularity of the ministerial acts preceding the tax deed was not presumed. *Lebanon Mining Co. v. Rogers*, 8 Colo. 34, 5 Pac. 661. In that case we were considering a statutory provision substantially the same as section 7426, Compiled Laws. After stating the common-law rule, we said: "But by statute in this state the tax deed is made prima facie evidence of the regularity of these prerequisites * * *. The burden of proof concerning these things is simply shifted to the attacking party."

In *United States Security & Bond Co. v. Wolfe*, 27 Colo. 218, 60 Pac. 637, the admission in evidence of certain tax deeds was objected to on the ground that the tax was levied for 1890, that the sale did not occur until 1892, and that to make the deeds admissible there must be a showing why the sales were not made at the time required by law. After saying that the statute did not require the sale prior to 1892, we added: "The presumptions in favor of the regularity of the sale of realty for delinquent taxes, by a deed evidencing such sale, when offered in evidence, do away with the necessity of any preliminary proof explaining why such sale was not made at the first regular sale of lands for taxes after they became delinquent. *Lott* [Love] *v. Welch*, 33 Ia. 192." We were referring to the presumptions of regularity arising from statutory provisions similar to those quoted above. In the Iowa case, cited with approval in the opinion in the Wolfe case, a tax deed recited that the

sale began on the first Monday of December, instead of the first Monday of October. The statute (R. S. 1860, §776) provided: "If from neglect of officers to make returns, or from any other good cause, real property can not be duly advertised and offered for sale on the first Monday of October, it shall be the duty of the treasurer to make the sale on the first Monday of the next succeeding month in which it can be made, allowing time for the publication as provided in this act." Section 784 of the same revision was the same as section 7426 of our Compiled Laws. It was contended that it was the duty of the party claiming under the deed to show affirmatively the existence of some cause recognized by the statute as a sufficient reason for commencing the sale upon the first Monday of some month subsequent to October. The court held this contention to be unsound, saying: "It is not claimed that the sale could not properly be made on the first Monday of December . See Rev. §776; *Eldridge v. Kuehl,* 27 Iowa 160. * * * The law authorizes the sale, under certain contingencies, to be made on the first Monday of December. The deed is at least prima facie evidence that all the pre-requisites of the law have been complied with. Rev. §784; *McCready v. Sexton & Son,* 29 Iowa 356. If, therefore, the non-existence of the conditions prescribed in section 776, can, in any event, be shown to defeat the tax title, the burden of proof is upon the party who assails the deed." To the same effect, see: *Callanan v. Hurley,* 93 U. S. 387, 23 L. Ed. 931; *Hobson v. Dutton,* 9 Kan. 477; *Patterson v. Carruth,* 13 Kan. 494; *Clarke v. Tilden,* 72 Kan. 574, 84 Pac. 139. The opinions in the Hobson and Patterson cases were written by Mr. Justice Brewer. In the Hobson case the court said: "The reason given here, is, that the deed recites the sale as made at 'the sale begun and publicly held on the 2d day of September,' without reciting that the county treasurer unavoidably omitted or failed to sell on the first Tuesday of May. That the power to sell on the 2d day (that being the first Tuesday) of September depend-

ed on the fact of an unavoidable omission or failure to sell in May, may be conceded. (Comp. Laws, 873, §70.) But it does not follow therefrom that the validity of the deed depends upon the recital of the fact, or that an omission to recite is evidence of its non-existence. In cases where no record or written evidence is required to be preserved, an official act, which can be rightfully done only after some precedent act by the same officer, is itself presumptive evidence of the performance of such precedent act. The fact that the treasurer sold in September is sufficient, in the absence of anything to the contrary, to show that he unavoidably omitted or failed to sell in May. *Lessee of Ward v. Barrow,* 2 Ohio St. 241; *Lessee of Combs v. Lane,* 4 Ohio St. 112. The sale in September is not an adjourned sale. It is an independent, complete proceeding, with advertisement, and other requirements, like to those of the May sale. (See section just cited.) Nowhere is the treasurer required to make or preserve a record of the causes of the failure to sell in May; and surely a failure to sell in May is a matter of which the owner of the land has little cause to complain, for without adding to the burden it increases the time within which he can redeem. * * * The many authorities cited by counsel for plaintiff to the point that 'the sale must take place at the precise time prescribed by law, otherwise it will be void,' are inapplicable, for there is no question that a sale could be rightfully made in September. The only question is, what proof must there be that this was one of the lots which could be then rightfully sold?" In the Clarke case the court said: "If under the provisions of any statute the sale upon which a tax deed is based may have been legally made upon the day named therein the deed will not be void on its face, if otherwise regular. * * * It is urged, however, that the statute referred to was enacted for a special purpose; that even although an October sale be recited the treasurer has no power to sell in that month, unless he has unavoidably failed or omitted to sell in September, or

has been enjoined; and hence that a deed pursuant to an October sale is void on its face if it fail, as this one unquestionably does, to recite the special circumstance necessitating it. * * * But the section of the statute providing for October sales is not, as the plaintiff claims, either peculiar or special in its character. It is a portion of the general law relating to the assessment and collection of taxes. It does not vest in the tax-collecting officers any exceptional or different authority from that exercised in making September sales. Omission or failure or inability to sell on a given day is not an additional step in the tax-collecting process, and does not invest the treasurer with a new power to sell at another time. On the other hand, September and October sales are fully coordinated. Each is to be conducted in conformity with the same provisions of the same act, and each is to be of equal force and effect with the other.'' And see note, 30 A. L. R. 36.

In *Hamer v. Glenn Investment Co.*, 75 Colo. 423, 226 Pac. 299, in a very short opinion in which no reference was made to the cases cited above, we said: ''Here we have a deed which recites a date of sale unlawful unless for cause, and shows no cause. How can we say it is not void on its face?'' In *Kingore v. Wallace,* 85 Colo. 381, 276 Pac. 332, we said: ''This sale was therefore held nine days late and, for aught that appears in this record, was void, and the deed under it, containing no explanation of that fact, was void.'' In *Ireland v. Gunnison Mountain Coal & Coke Co.,* 87 Colo. 193, 286 Pac. 280, involving deeds with a similar recital, we called attention to the fact that the deeds show a belated sale and ''give no reason for failure to comply with the statute, section 7410, C. L.,'' and we said: ''This fact invalidates the sales and makes these deeds void on their face.'' And in the following cases, involving deeds containing a similar recital, we called attention to the fact that the deeds contained no explanation of the delay, and we held the deeds void on their face: *Chase v. Bogardus,* 78 Colo.

573, 243 Pac. 546; *Denver v. Bullock,* 80 Colo. 9, 249 Pac. 498; *Wenig v. Lyons,* 81 Colo. 6, 252 Pac. 889; *Denver v. Murry,* 82 Colo. 128, 257 Pac. 359; *Hochmuth v. Norton,* 90 Colo. 453, 9 P. (2d) 1060. These cases, of course, settle the law in this state, but they should be so interpreted, if practicable, as not to depart too far from the wholesome rule theretofore announced by this court and by the courts in other jurisdictions. It is practicable to so interpret them. Section 7411, Compiled Laws, quoted above, is intended to save from invalidity a tax sale made after the second Monday in November, where it is impossible to commence the sale on that day; for example, where, by reason of the immense amount of work necessary to compile the advertised list in a municipality the size of Denver, such list cannot be completed in time. We should give that provision and the statutory provision concerning the presumption of regularity full force and effect; they should not be nullified or crippled by an unduly narrow construction. Our decisions last quoted clearly intimate, if they do not expressly hold, that the explanatory recital is essential to the validity of a tax deed. In the present case such recital is not omitted from the deed, as it was in those cases. Here, the recital of the date of sale is accompanied by a showing of good cause for the delay—the poison is accompanied by the antidote. The recital giving the date of the sale and the recital of the cause for the delay must be taken together. They are inseparable. Both are necessary to a correct understanding of the situation, and both should be given effect. They show a sale at a time prescribed by statute. Considering them in connection with the statutory recitals in the deed that the sale was "in substantial conformity with the requirements of the statute," and that "all the provisions of the statutes prescribing prerequisites to obtaining tax deeds have been fully complied with"; and considering the provision of section 7426, Compiled Laws, that the deed shall be prima facie evidence "that the property was sold for taxes as stated in the deed," and "that the

sale was conducted in the manner required by law''; and considering that the purpose of our statutes, as stated in *Lebanon Mining Co. v. Rogers, supra,* is to do away with the common-law rule that a tax deed is not prima facie evidence that the requirements of the law have been complied with; and considering our decisions, cited above, we conclude that a deed reciting a sale commencing later than the second Monday in November and also reciting good cause for the delay shows a sale authorized by statute; that such deed is not void on its face, but is prima facie valid; and that it is sufficient to cast upon the one attacking the deed the burden of showing its invalidity. As the defendant offered no such proof, the trial court properly rendered judgment for the plaintiff.

The judgment is affirmed.

The former opinion is withdrawn.

MR. JUSTICE BURKE dissents.