THIS action by plaintiff Halbekann seeks a decree quieting title in him as against the defendant Richardson to certain Denver city lots. In his opening brief defendant Richardson says that the controlling question for decision is the alleged erroneous admission by the trial court of a certain tax deed offered by the plaintiff Halbekann. Richardson further says if his objection thereto is good, the judgment must be reversed; if not good, it should be affirmed. In view of this statement of plaintiff in error we confine our discussion solely to the one question of the admissibility of the tax deed.
At the trial below defendant Richardson objected to its introduction unless it was first shown — and it was not so shown as he says — that there had been full compliance with section 7423, C.L. 1921. This section, among other things, provides, what is pertinent here, that before a purchaser at a tax sale shall be entitled to a deed for the lands on which the tax is levied, if, as here, the assessed value of the property is over $100, he shall make request of the county treasurer therefor. And as a condition precedent the purchaser shall also, at that time, pay to the treasurer the necessary fees for cost of notice, etc., with the further provision that there shall be notice given and served, and return duly made thereunder in compliance with the statute above cited. It further appears that Halbekann, plaintiff, rested his case without proof of compliance with the specific requirements of said section 7423.
In the view we take of this controversy, it is not necessary to reproduce the contents of section 7423. It is sufficient merely to say that it specifies what steps the county treasurer shall take when requested by a purchaser of land at a tax sale to issue a tax deed. There was no testimony for the holder of the tax title in this case that compliance was made by him with all the *Page 177 
different steps he is required to take under the provisions of the section. The only specific objection of Richardson at the trial below was that there was a failure of notice required by section 7423, C.L. 1921, because the assessed value of the property in question exceeded $100, in which case there were certain requirements of section 7423 that were not complied with. The tax deed of the purchaser in this case recites in general terms that all the provisions of the statutes prescribing prerequisites to obtaining tax deeds have been fully complied with and are now of record and filed in the office of the manager of revenue, ex officio treasurer of said City and County of Denver.
While this case was pending in the district court and before final judgment therein was rendered, our Supreme Court decided the case of Denver v. Bach, 92 Colo. 594,22 P.2d 1114. Before judgment in the case now under consideration was rendered by the district court it was aware of the pendency of the Bach case in the Supreme Court and withheld decision in this, the Richardson case, until the opinion in the Bach case was handed down since it was considered by both parties that the case now before us would be governed by the decision in the Bach case.
[1, 2] After decision in the Bach case was handed down the district court in the pending Richardson case held that the Bach case was decisive of this Richardson case and rendered judgment accordingly in favor of the plaintiff Halbekann. We entertain no doubt whatever that the Bach case, if adhered to, as we think it should be, requires affirmance of the judgment in this case now under review. The record before us clearly discloses that counsel for both parties in the pending case so considered, as did the district court. The syllabus in the Bach case, which the opinion justifies, reads: "At common law a tax deed was not admissible in evidence unless accompanied by proof that all the requirements of law had been complied with by the proper officer, but this *Page 178 
rule has been abrogated by statute in Colorado." The opinion in the Bach case at page 596 quotes with approval the following: "But by statute in this state the tax deed is made prima facie evidence of the regularity of these prerequisites * * *. The burden of proof concerning these things is simply shifted to the attacking party."
Approving as we do the decision in the Bach case, it follows that the judgment herein should be, and it is, affirmed.
MR. CHIEF JUSTICE BUTLER concurs specially.
MR. JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE YOUNG dissent.