No. 14,550.

MILLER *v.* STONER ET AL.

(111 P. [2d] 903)

Decided March 17, 1941.

Mr. JOHN M. BOYLE, Mr. CHARLES F. MORRIS, for plaintiff in error.

Mr. THOMAS H. GIBSON, Mr. THOMAS A. NEVENS, for defendants in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear here in the same order as in the trial court and are hereinafter referred to as there.

Plaintiff's complaint is brief and simple. He alleges he is the fee owner of the Badger Lode Mining Claim, to which defendants claim an interest: 1. Through Exhibit A, a tax deed void on its face, and 2. Exhibit B, an amended tax deed void on its face. Copies of A and B are attached and the prayer is that the clouds thereby created on plaintiff's title be removed.

The answer denies plaintiff's ownership, denies the invalidity of the tax deeds, sets forth the alleged basis of plaintiff's claim, and attacks in detail his title. By cross complaint these allegations are repeated, demand made that plaintiff set forth in detail his alleged title, that it be held void, that defendants be adjudged the owners in fee, that their title be quieted, and that plaintiff be enjoined from further claims. In the alternative defendants pray that their expenditures for taxes and improvements be ascertained and judgment for plaintiff be conditioned upon the repayment thereof. Plaintiff moved to strike from the answer and cross complaint so much thereof as set up in detail the alleged defects in his title, and supported defendants' prayer for affirmative relief. The motion was denied. Plaintiff then demurred to answer and cross complaint for want of facts. That demurrer was overruled. Plaintiff then replied to the answer and cross complaint, admitting most of the detailed facts, but denying the implications, and prayed as before. Defendants demurred thereto for want of facts and withdrew their cross complaint. That demurrer was related back to the complaint and so sustained. Plaintiff elected to stand. Judgment of dismissal at plaintiff's costs followed. To review that judgment this writ is prosecuted. The four errors assigned go to the overruling of the motions to strike and the demurrer to the answer and

cross complaint and to the sustaining of the demurrer to the "complaint and replication." However, the record discloses no ruling on the demurrer to the replication, simply "that the complaint fails to state a cause of action in that it fails to allege that at the time of the institution of the action plaintiff was in possession." It will thus be observed that we have before us the sole question of the sufficiency of the complaint. We are urged to pass upon others covered by the assignments but conclude that the disposition following obviates all necessity therefor.

■ This is clearly an equitable action to remove a cloud. Thereto no allegation of possession is requisite. *Harrison v. Denver*, 102 Colo. 98, 76 P. (2d) 1110. That case is directly in point, is our latest pronouncement on the subject (1938), removes all doubt that might have arisen from any apparent conflict in former decisions, and settles the question in this jurisdiction. We find no reason to doubt its correctness or re-examine the authorities. This complaint states a good cause of action to remove a cloud. Defendants could not convert it into a suit to quiet title. Evidently recognizing that fact they withdrew their cross complaint.

■ The impregnability of the complaint to the demurrer depends also, primarily, on the apparent invalidity of the tax deeds, copies of which are attached to the complaint and under which it is asserted defendants claim. On this subject suffice it to say that the first discloses a sale begun and held December 19, whereas the statute then in force directed that the sale begin on the second Monday in November. The second, which purports to be an amended deed, issued more than five years later, recites that the sale was not advertised and held on the statutory date, and is supported by an affidavit of the then deputy county treasurer stating that agricultural conditions at the time were such as to convince the treasurer that lands could not be sold prior to the date when the sale was actually

held, i. e., December 19th. Analysis and authority are unnecessary to show that such deeds were prima facie invalid.

The judgment is accordingly reversed and the cause remanded with directions to overrule the demurrer to the complaint and for further proceedings in harmony herewith.

MR. CHIEF JUSTICE FRANCIS E. BOUCK, MR. JUSTICE YOUNG and MR. JUSTICE KNOUS concur.