## No. 15,796.

### Sierra Mining Company *v.* Lucero, County Treasurer et al.

ET AL.

(194 P. [2d] 302)

Decided May 3, 1948.

Mr. Merle M. Marshall, for plaintiff in error.

Mr. CLARENCE O. MOORE, for defendants in error.

In Department, before MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE ALTER.

PER CURIAM.

THE parties here are the same as in the trial court.

The case involves the validity of two tax sale certificates, issued by the county treasurer of Conejos county, and the right of the owner of the property to restrain the issuance of tax deeds on the alleged void certificates.

Plaintiff is the present owner and in possession of certain mining claims. At a tax sale, December 19, 1931, certain of said mining claims were sold for delinquent taxes of 1927, to Conejos county, and tax certificate No. 18370 issued therefor. At a tax sale, December 22, 1941, certain other of said mining claims were sold for delinquent taxes of 1937, to Conejos county, and tax certificate No. 20913 issued therefor.

Both said tax certificates, by order of the board of county commissioners, were on August 6, 1945, sold and assigned to defendants W. A. McEntyre, F. C. Hendee and J. A. Rivera for less than their face amount of taxes due. These assignees requesting tax deeds thereon, the county treasurer published notices of intention to issue such deeds on December 10, 1945. Said notices did not state when the period of redemption expired. Prior to the issuance of the deeds and on December 8, 1945, plaintiff, as owner, filed suit to restrain said assignees from demanding, and said county treasurer from issuing, such tax deeds, for that said tax sales and the tax certificates were illegal and void. Plaintiff alleged it had no notice of said tax sales or of the assignments of said tax certificates. An ex parte restraining order was issued, and thereafter on trial plaintiff introduced its deed showing legal title, the two tax certificates No. 18370 and No. 20913, the treasurer's records thereon and the

cross-examination of defendants; also plaintiff's Exhibits 5 and 6, treasurer's tax receipts for subsequent taxes paid by assignees. At the conclusion of plaintiff's case, defendant moved for a "nonsuit" which motion was granted, and a judgment of dismissal entered. The case is now here to review that judgment.

■ The "motion for nonsuit" will be considered a motion to dismiss. "A motion for nonsuit admits every inference of fact that can legitimately be drawn from plaintiff's evidence." *Westwood v. Richards,* 109 Colo. 17, 122 P. (2d) 247, 248.

Tax certificate No. 18370, dated December 19, 1931, recites "at a ———— sale ———— for delinquent taxes ———— on the ———— day of December 19, 1931." Tax certificate No. 20913 dated December 22, 1941, recites "at a regular date of sale ———— for delinquent taxes ———— on the Dec. 22, 1941." The Colorado Statute, '35 C. S. A., chapter 142, section 235, fixes the time for tax sales which "shall commence on or before the second Monday in December of each year."

■ The court will take judicial notice of calendar days and dates; that the second Monday of December in 1931 was the 14th day and that the second Monday of December in 1941 was the 8th day. *Milow v. People,* 89 Colo. 469, 3 P. (2d) 1077; 8 A. L. R. 63.

Said tax certificates do not show when the tax sales therein were commenced, nor whether the dates named were adjourned sales dates, and if so, no explanation for the adjournments. *Hochmuth v. Norton,* 90 Colo. 453, 455, 9 P. (2d) 1060; *City and County of Denver v. Bach,* 92 Colo. 594, 22 P. (2d) 1114.

■ The two tax certificates Nos. 18370 and 20913 show on their face that each was void, and being void, when attacked are ineffective against the owner's title. *Ireland v. Gunnison Mountain Coal Co.,* 87 Colo. 193, 286 Pac. 280.

■ Tax deeds issued on such void certificates would have been void deeds, subject to be restrained and set

aside. There is no substantial difference whether the instrument sought to be restrained and set aside be a void tax deed or void tax certificate. *Pueblo Realty Co. v. Tate*, 32 Colo. 67, 70, 75 Pac. 402.

Defendants, for the purposes of their motion having admitted plaintiff's evidence, raise one point of law to sustain their motion, that "plaintiff had ample notice and time to redeem from these tax sales had it so desired," that "there was no evidence of any character to show any money tendered the treasurer in an effort to redeem, although the complaint alleges certain money was tendered into *the registry of the court* at the time the suit was filed." In granting defendants' motion for nonsuit the court stated: "Plaintiff brings this suit in equity *to redeem* from two tax certificates and enjoin the issuance of a tax deed."

The complaint and evidence do not present a suit to redeem from delinquent taxes, but one to restrain further alleged illegal acts threatened on void tax certificates. The fact plaintiff might, but did not, redeem could not destroy his right to have restrained illegal acts which threatened injury to his title. The tender of delinquent taxes to the treasurer is not a prerequisite to the right to have illegal acts restrained. Plaintiff could elect which protection to seek, either redeem or seek to restrain further illegal acts. The motion for "nonsuit" should have been denied.

The issuance of void tax certificates, or even void tax deeds, would not affect the taxes actually due. The purchaser of void tax certificates took nothing thereby but a lien for their payments therefor with interest. In this case plaintiff has tendered such sum into court, and offers to pay any additional sum the court may find due. The amount so paid to the county by the purchasers of the tax certificates, being less than the amount of the taxes due thereon, leaves a balance of unpaid taxes to be paid by the owner. The purchasers must be reimbursed the amount they paid for the two void tax cer-

tificates and for subsequent taxes paid thereon with interest. *Charlton v. Kelly,* 24 Colo. 273, 50 Pac. 1042; *Ireland v. Gunnison Mountain Coal Co.,* 87 Colo. 193, 286 Pac. 280. The deposit paid into court should be applied to reimburse defendants, and plaintiff should pay any additional amount necessary so to reimburse defendant purchasers, with interest. In the Ireland case, supra, we said: "Since the sale was void it could not operate to discharge the tax, and only so much thereof is paid as is covered by the money actually received by the county." This correctly states plaintiff's position if successful in this suit.

The case is remanded to the district court with instructions to vacate its judgment of dismissal against plaintiff, to deny the motion for nonsuit, to determine the amount required to reimburse the purchasers for the two void tax certificates and for subsequent taxes paid thereunder, and interest. After applying the deposit already made, the court shall require a deposit of any balance due said purchasers, necessary so to reimburse them for all moneys so paid by them. Upon payment of said amounts defendant purchasers shall be required to surrender said tax certificates for cancellation, whereupon decree shall be entered permanently restraining issuance of tax deeds on said certificates Nos. 18370 and 20913, and quieting title in said property in plaintiff against same.

The judgment is reversed and the cause remanded with directions that the district court vacate its judgment of dismissal, and for further proceedings in harmony herewith.