Grant C. TIMROTH, Plaintiff–Appellant,

v.

Thomas OKEN, as Treasurer of Pitkin County, and Board of County Commissioners of Pitkin County, Colorado, Defendants–Appellees.

No. 01CA1416.

Colorado Court of Appeals, Div. I.

Aug. 1, 2002.

Rehearing Denied Sept. 12, 2002.

Certiorari Granted Feb. 3, 2003.

Wright & Adger, LLP, Gary A. Wright, James F. Fosnaught, Aspen, Colorado, for Plaintiff–Appellant.

John M. Ely, Pitkin County Attorney, Aspen, Colorado, for Defendants–Appellees.

Opinion by Judge DAVIDSON.

In this action to quiet title to a mining claim pursuant to C.R.C.P. 105, plaintiff, Grant C. Timroth, appeals from the grant of summary judgment to defendants, Board of County Commissioners of Pitkin County and Thomas Oken, as Treasurer of Pitkin County (collectively, the County). We reverse and remand.

In 1892, Henry L. Powers and Powell Smith received from the United States a patent grant to the subject property, the Twilight Lode Mining Claim. In 1908, a tax sale was held for the taxes of 1907, and, there being no bidders for the property, a tax certificate was issued to the County. In 1964, a treasurer's deed was issued to the County based on the 1908 sale and certificate. In 1979, John Frances Powers III conveyed his interest in the property to Tyrone Austin Thompson by quitclaim deed. Plaintiff's complaint alleges that John Frances Powers III is an heir of Henry L. Powers, but nothing in the record indicates succession or any transfer of the mining claim from Powell Smith. In 1988, Thompson conveyed the property to plaintiff by special warranty deed.

Plaintiff brought this quiet title action, asserting title based on deeds properly in the recorded chain of title, adverse possession pursuant to § 38–41–101, et seq., C.R.S.2001, and possession and payment of taxes pursuant to § 38–41–108, C.R.S.2001, and also asserting that the County's claim of title was void. On the parties' cross-motions for summary judgment, the court quieted title in the County, finding that extrinsic evidence demonstrated that the 1964 treasurer's deed to the County was valid and vested title in the County.

On appeal, plaintiff contends that the trial court erred in granting summary judgment to the County. Specifically, plaintiff contends that the treasurer's deed was void on its face, that no extrinsic evidence was admissible to rehabilitate it, and that the County therefore had no interest in the property and should be dismissed as a defendant. The County argues that, even if the deed was void on its face, extrinsic evidence was properly admitted to validate it, and, because plaintiff had not demonstrated that he had a valid claim to title, the County was entitled to judgment based on the legal title conveyed by the deed.

We agree with plaintiff that the grant of summary judgment to the County at this stage of the proceedings was improper. Specifically, we conclude that the 1964 treasurer's deed is void. We further conclude that extrinsic evidence was not admissible to validate the deed, but was admissible to validate the tax sale, which, under the circumstances, entitled the County to the issuance of a new treasurer's deed in proper form. However, disputed issues of fact remain as to whether plaintiff is entitled to redeem the property.

I.

■ We first agree with plaintiff that the 1964 treasurer's deed is void.

The statutes in effect at the time of the 1908 tax sale required that such a sale be commenced no later than the second Monday of November. See § 5714, R.S.1908 (now codified with amendments at § 39–11–109, C.R.S.2001, which provides for sale on or before the second Monday of December). A provision of the statute providing an exception stated:

If, from any cause, real property can not be duly advertised and offered for sale on or before the second Monday of November, it shall be the duty of the treasurer to make the sale on any subsequent day in which it can be made, allowing time for the publication of notice, as provided in this act.

Section 5715, R.S.1908 (now codified with amendments at § 39–11–110, C.R.S.2001).

■ A sale commenced after the time required by the statute is invalid, and when the recitals in a treasurer's deed indicate that the sale commenced later than the second Monday of November, but do not explain any cause for the delay, the deed is void on its face. See City & County of Denver v. Bach, 92 Colo. 594, 22 P.2d 1114

(1933)(also noting the merits of an alternative rule); *Hamer v. Glenn Investment Co.,* 75 Colo. 423, 226 P. 299 (1924). Similarly, a treasurer's deed is void on its face when the recitals indicate that the final day of the sale occurred later than the day specified by statute, but do not indicate when the sale commenced or give a reason for the late occurrence. *See Sierra Mining Co. v. Lucero,* 118 Colo. 180, 194 P.2d 302 (1948); *Hochmuth v. Norton,* 90 Colo. 453, 9 P.2d 1060 (1932).

Here, the deed indicates that the sale concluded on December 12, 1908 and that it was an "adjourned sale." However, it does not indicate the date on which the sale was commenced and from which it adjourned or any reason the sale was held in December rather than on or before the second Monday in November, then, November 9. The preprinted portion of the deed form recites that the sale could not be commenced before the second Monday of December, but the recital is, at best, inconsistent. The blank for the year was not filled in, and in 1908, the second Monday of December would have been two days after the date stated for conclusion of the sale. Moreover, the deed gives no reason for the delay, and the County concedes that the sale was commenced on December 10, 1908. Thus, the deed was void on its face.

## II.

■ Plaintiff also argues that the trial court erred in admitting extrinsic evidence to validate the treasurer's deed. We agree, but conclude that extrinsic evidence is admissible to validate the tax sale.

## A.

■ The treasurer has no title to the property, and his or her power to convey it to another for nonpayment of taxes is purely statutory. Thus, that power is strictly limited to situations where there has been compliance with the statute. *Crisman v. Johnson,* 23 Colo. 264, 47 P. 296 (1896).

■ After a valid sale, the treasurer is required to issue a certificate of purchase to the purchaser, or, if there have been no bids

and certain other conditions are met, to the county. Sections 5713, 5723, R.S.1908 (now codified with amendments at §§ 39–11–108, 39–11–117, C.R.S.2001). A certificate of purchase carries with it "the right to have the legal title conveyed to [the holder] at the expiration of the time for redemption." *White Cap Mining Co. v. Resurrection Mining Co.,* 115 Colo. 396, 413, 174 P.2d 727, 735 (1946). The property may be redeemed by the owner at any time within three years from the date of the sale or thereafter at any time before a treasurer's deed is executed. Section 5734, R.S.1908 (now codified with amendments at § 39–12–103, C.R.S.2001).

A treasurer's deed may be issued at any time after three years from the date of the sale, after certain notice is given to the owner. Sections 5726, 5727, R.S.1908 (now codified with amendments at §§ 39–11–120, 39–11–128, C.R.S.2001). Recordation of a valid treasurer's deed vests in the grantee "all the right, interest and estate of the former owner in and to the land conveyed, and also all right, title, interest and claim of the state and county thereto, and shall be prima facie evidence ... [t]hat the sale was conducted in the manner required by law." Section 5730, R.S.1908 (now codified with amendments at § 39–11–136, C.R.S.2001).

■ The form of a valid treasurer's deed must substantially comply with that provided by statute. *See* § 5729, R.S.1908 (now codified with amendments at § 39–11–135, C.R.S.2001). The deed "should show that the provisions of the law have been substantially followed, and if there is any fatal omission which ought to have been embraced in the deed under the provisions of the statute, the courts cannot supply or cure such fatal defects," and the deed will not vest title in the grantee. *Lines v. Digges,* 43 Colo. 166, 172, 95 P. 341, 342–43 (1908). Where the treasurer's deed on its face shows that the sale has not been conducted in the manner required by law, the deed is void on its face. *Whitehead v. Callahan,* 44 Colo. 396, 99 P. 57 (1908); *see also Imperial Sec. Co. v. Morris,* 57 Colo. 194, 197, 141 P. 1160, 1161 (1914)(deed is prima facie evidence unless "some statement therein shows affirma-

tively that the requirements of the statute were not complied with").

A void deed fails to convey legal title even if the underlying sale was valid. However, if the deed was irregular or defective because of some mistake of the treasurer, but the proceedings were in fact properly conducted, the holder of the defective deed is entitled to a corrected deed anytime before the owner's redemption. *See Newsom v. Jacobs,* 51 Colo. 579, 119 P. 623 (1911); *Duggan v. McCullough,* 27 Colo. 43, 59 P. 743 (1899); *Smith v. Griffin,* 14 Colo. 429, 23 P. 905 (1890). The authority of the treasurer has been described as follows:

> The purchaser at the sale (the proceedings prior thereto having conformed to the statute, in so far as to make them valid and binding) acquires the right to have the legal title conveyed to him at the expiration of the time of redemption (in case no redemption is made); and it is the duty of the treasurer to convey that title to him. Any act of the treasurer which come[s] short of conveying the title (the purchaser having the right thereto), although he may have intended to convey it, does not discharge his duty to convey, and cannot therefore exhaust his power. For, having the power to convey, that power must continue until he does convey[.] If he should make a deed void on its face, and hence *no deed,* or make a deed to the wrong person, or of the wrong parcel of land, such acts would not exhaust his power to make a valid deed to the right person for the right piece of land. For, having the power to convey the land sold to the purchaser, he can only exhaust it by the doing of that particular thing.

*McCready v. Sexton & Son,* 29 Iowa 356, 382–83 (1870).

In contrast, any deed based on a void sale is also void, even if it appears valid on its face. *Empire Ranch & Cattle Co. v. Lanning,* 49 Colo. 458, 113 P. 491 (1911); *Bryant v. Miller,* 48 Colo. 192, 109 P. 959 (1910), *overruled on other grounds by Imperial Sec. Co. v. Morris, supra.*

A tax sale is void if there is a failure to comply with some statutory provision be-cause, in that case, there is no power in the treasurer to convey the property. *Crisman v. Johnson, supra; Gomer v. Chaffee,* 6 Colo. 314 (1882). The owner's legal title is therefore unaffected by a void sale and deed. *See Ireland v. Gunnison Mountain Coal & Coke Co.,* 87 Colo. 193, 198, 286 P. 280, 282 (1930)(Butler, J., concurring).

### B.

While a deed that is valid on its face, that is, it substantially complies with the statutory form, is prima facie evidence that the sale was conducted according to law, the invalidity of the tax sale may be demonstrated by extrinsic evidence. *Morris v. St. Louis Nat'l Bank,* 17 Colo. 231, 29 P. 802 (1892). Absent evidence impeaching the validity of the sale, a deed valid on its face will convey the title of the former owner to the grantee. *Dyke v. Whyte,* 17 Colo. 296, 29 P. 128 (1892).

Early cases held that when a treasurer's deed that is void on its face is relied upon as proof of title, extrinsic evidence is not admissible when offered to cure defects in the deed. *See Emerson v. Valdez,* 24 Colo.App. 458, 135 P. 137 (1913); *Page v. Gillett,* 47 Colo. 289, 107 P. 290 (1910). However, these and other cases acknowledged that such evidence would be admissible in appropriate circumstances to show a valid sale or that the holder was entitled to a valid deed. *See Newsom v. Jacobs, supra.*

The County contends, and the trial court agreed, that subsequent supreme court decisions have expressed a willingness to consider extrinsic evidence to validate a treasurer's deed void on its face. We interpret the cases differently.

In *Hamer v. Glenn Investment Co., supra,* 75 Colo. at 424, 226 P. at 299, the court specifically avoided addressing the issue of the admissibility of such evidence: "Since, outside the [void] deed, there was no evidence of cause [for the delay in commencing the sale], the question of the competency of such evidence is not before us." Subsequent cases, citing *Hamer,* also noticed the lack of record evidence to contradict recitals in a deed indicating statutory noncompliance.

*See City & County of Denver v. Murry*, 82 Colo. 128, 257 P. 359 (1927); *Howe v. Bennett*, 81 Colo. 20, 253 P. 29 (1927); *Wenig v. Lyons*, 81 Colo. 6, 252 P. 889 (1927). However, none of these cases held that such evidence, if it existed, would be admissible to directly validate the treasurer's deed and pass title, rather than to validate the tax sale and thereby entitle the holder to a valid deed.

Other cases more clearly indicate that extrinsic evidence is considered only on the issue of the validity of the sale. *See Ireland v. Gunnison Mountain Coal & Coke Co.*, *supra*, 87 Colo. at 195, 286 P. at 281 ("This fact invalidates the sales and makes these deeds void on their face."); *Kingore v. Wallace*, 85 Colo. 381, 383, 276 P. 332, 332 (1929)("This sale was therefore held nine days late and, for aught that appears in this record, was void, and the deed under it, containing no explanation of that fact, was void."); *see also Miller v. Stoner*, 107 Colo. 317, 111 P.2d 903 (1941)(deed reciting a late sale was void despite the holder's submission of extrinsic evidence, in the form of an affidavit, indicating the reason for the late sale).

Here, in determining that there was good cause for the delay in conducting the sale, the trial court considered extrinsic evidence that the treasurer had withheld the tax list in October 1908 because ownership of the official newspaper was in dispute. However, contrary to the trial court's conclusion, a finding of cause for a delay does not support the determination that the deed was valid, but only that the sale was valid and hence the County was entitled to the issuance of a valid deed.

### III.

■ Plaintiff contends that, even if validation of the 1908 tax sale would entitle the County to the issuance of a valid deed, the trial court erred in concluding that the tax sale was valid. We disagree.

■ First, to the extent that plaintiff contends that the extrinsic evidence, even if admissible, was insufficient to show that cause existed to commence a late tax sale, this argument was not raised in the trial court. Thus, we do not consider it. *See Moses v. Diocese of Colorado*, 863 P.2d 310 (Colo.1993).

Moreover, while the recitals in the deed indicate that the sale did not comply with § 5714, they do not indicate that other statutory requirements were not met. Although plaintiff contends that the County must now "prove that each and every statutory requirement was satisfied," he provides no authority for his theory that the strong presumption of validity is destroyed, as to the other requirements, by the single defect. *See City & County of Denver v. Bach*, *supra* (burden of proof concerning the regularity of statutory prerequisites to the issuance of a treasurer's deed is on the attacking party).

Furthermore, we disagree with plaintiff that the court erred in considering the affidavit submitted by the County that attached newspaper articles documenting the trial in which the ownership of the official newspaper was disputed and at which the then county treasurer testified.

■ While affidavits based on inadmissible hearsay are not sufficient to support a grant of summary judgment, *see People v. Hernandez & Assocs., Inc.*, 736 P.2d 1238 (Colo.App.1986), affidavits containing hearsay that would be admissible under some exception may be considered. *See K.H.R. v. R.L.S.*, 807 P.2d 1201 (Colo.App.1990).

Here, the newspaper articles from 1908 were admissible under the ancient documents exception to the hearsay rule, CRE 803(16). *See also* CRE 902(6). Thus, the trial court did not err in considering the affidavit to which the newspaper articles were attached.

### IV.

■ Because the 1964 treasurer's deed is void, plaintiff contends the trial court erred in failing to determine whether he had a valid interest in the property. We agree in part.

The County provided affidavits and other evidence that plaintiff's title was not in the recorded chain of title and that no taxes had been paid on the property since 1900, although a tender of payment by James C.

Blanning, Jr., in an undisclosed amount, was refused in 1988. Plaintiff did not reply with any affidavits linking his interest to that of the original patentees or Blanning or otherwise indicating that he held a valid title. Thus, the trial court's grant of summary judgment to the County on those aspects of plaintiff's claims was correct. *See Civil Serv. Comm'n v. Pinder*, 812 P.2d 645 (Colo.1991)(Summary judgment is proper when the moving party makes an affirmative showing that no dispute exists and it is entitled to judgment and the nonmoving party does not file counteraffidavits to contradict that showing.).

However, plaintiff's complaint also alleged title by adverse possession. While plaintiff did not provide affidavits or other support for this claim, the County's only response to this allegation was that title by adverse possession could not be obtained against a governmental entity such as the County. While the trial court's finding that the tax sale was valid entitles the County to a valid deed, until the treasurer executes such a deed, the County does not have legal title to the property. Thus, whether adverse possession can be asserted against the County is, at this point, immaterial. Consequently, a material question of fact remains whether plaintiff acquired the interests of the original patentees or their grantees by adverse possession, and summary judgment for the County on that aspect of plaintiff's complaint was, therefore, improper.

Because the issue may arise on remand, we note that if plaintiff acquired an interest in the property by adverse possession, he would hold legal title to the property subject to the County's rights obtained in the tax sale. Thus, while the County is entitled to receive a valid deed from the treasurer, prior to the execution of such a deed, plaintiff would be entitled to redeem the property. *See* § 5734 (property may be redeemed by the owner or "any person having a legal or equitable claim therein … at any time before the execution of the treasurer's deed"); *First Nat'l Bank v. Fitzpatrick*, 624 P.2d 927

(Colo.App.1981)(party that acquired title by adverse possession may redeem prior to the issuance of a treasurer's deed); *cf. Johnson v. Dunkel*, 132 Colo. 383, 288 P.2d 343 (1955)(no right to redeem when party did not acquire title by adverse possession).

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge CASEBOLT and Judge STERNBERG *, concur.