## No. 10,951.

### YOUNG, ET AL. *v*. ROHAN.

Decided March 2, 1925. Rehearing denied April 6, 1925.

Action to quiet title. Decree for plaintiff.

### *Reversed.*

1. QUIETING TITLE—*Defense.* In an action to quiet title, defendant may not attack the title of plaintiff if he has no interest in the property.

2. TAXES AND TAXATION—*Invalid Tax Deed—Reimbursement for Taxes Paid.* One claiming title to property under a tax deed, which proves invalid, may assert the right to reimbursement for taxes paid as against the holder of the regular title from the government; but a subsequent valid tax deed cuts off the right.

3. EQUITY—*Maxim.* He who seeks equity must do equity.

4. TAXES AND TAXATION—*Invalid Tax Deed—Reimbursement for Taxes Paid—Pleading.* In an action to quiet title, the defendant claiming under an invalid tax deed may enforce his right for reimbursement for taxes paid, although not pleaded. Plaintiff is considered to have offered reimbursement, and sometimes is required to offer it.

5.   QUIETING TITLE—*Defense.*   In an action to quiet title, defendant
     claiming under a tax deed may attack the title of plaintiff.

6.        *Tax Deed—Pleading.*   In an action to quiet title, defendant
     may assail plaintiff's tax title, which has not been pleaded as
     such, without pleading facts showing it to be invalid.

7.   TAXES AND TAXATION—*Tax Deed—Notice.*   Under the provisions
     of section 7423, C. L. '21, relating to tax deeds, proof of notice
     is necessary, and the notice must state the truth, failing in
     which, the deed will be void.

*Error to the District Court of the City and County of
Denver, Hon. W. N. Searcy, Judge.*

Mr. JOHN F. MAIL, for plaintiffs in error.

Mr. JOSHUA GROZIER, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

MARGARET ROHAN had a decree in her suit to quiet title
to lots in Denver.   Young, and others, defendants below,
bring error.

The complaint contained, with much else, the usual al-
legations of title and possession in plaintiff and claim of
interest by defendants.   The answer denies the allegations
of the complaint, except that it admits claim of interest,
and states that defendants are owners in fee.   The replica-
tion denies the answer and sets out certain facts which
plaintiff claims invalidate a tax deed under which defend-
ants claim, and alleges a tax deed to one Sternberger for
the tax of 1913 and mesne conveyances to plaintiff.

The plaintiff claims that defendants have no right to at-
tack her title because they have no interest in the lots.   If
they have none she is right.   *Empire Co. v. Bender,* 49
Colo. 522, 113 Pac. 494.   They claim ownership by virtue
of a tax deed issued in 1902, and, supposing that to be
invalid, they claim the right, upon its cancellation, to re-

imbursement for taxes paid. They have that right as against the holder of the regular title from the government, but the tax title of the plaintiff, if valid, would cut it off; it follows that they have the right to protect it, if they can, by showing plaintiff's tax title to be invalid.

The plaintiff says they may not stand on this right of reimbursement, because they have not pleaded it, but the basis of the right is that he who asks equity must do it. Such rights may be enforced though not pleaded. The plaintiff is considered as having offered it; indeed is sometimes required to offer it. 21 C. J. 172-180; 9 C. J. 1213, et seq. We therefore conclude that defendants are in a position to attack the title of plaintiff.

It is claimed that defendants could not assail plaintiff's tax title unless they pleaded the facts showing its invalidity; that rule, however, applies only when the plaintiff has pleaded his tax title as such, i. e., has stated that he claims under a tax title, which plaintiff in this case has not done. *Boyd v. Munson,* 59 Colo. 166, 147 Pac. 662; *Harrison v. Hodges,* 49 Colo. 105, 111 Pac. 706.

The defendants claim that the notice of foreclosure of the redemption, plaintiff's exhibit D, pursuant to which her tax deed was issued, was insufficient and that the tax deed is therefore void. The statute, C. L. § 7423, requires the county treasurer, before delivering a tax deed, to serve a notice stating, among other things, "when the time of redemption will expire, or when the tax deed shall be issued." The notice in question was dated the 29th of August, 1917, and stated "That the time for redemption of said property from said sale for taxes will expire on the 9th day of January, 1918, and unless the same has been redeemed on or before that date I will execute and deliver to said Sternberger a treasurer's or tax deed to said property above described as provided by law."

Defendants' point is, that since the sale was on November 27, 1914, and the statutory three year redemption period therefore expired November 27, 1917, the statement that it expired January 9, 1918, was false, and that a false

statement of this material fact avoids the notice. Proof of notice is necessary (*Richards v. Beggs*, 31 Colo. 186, 72 Pac. 1077), and the notice must state the truth. *Wilson v. McKenna*, 52 Ill. 43; *Wisner v. Chamberlin*, 117 Ill. 568, 7 N. E. 68; *Benefield v. Albert*, 132 Ill. 665, 24 N. E. 634; *Gahre v. Berry*, 82 Minn. 200, 84 N. W. 733; *State Finance Co. v. Beck*, 15 N. D. 374, 109 N. W. 357.

The notice states the date of the statutory expiration of redemption falsely and does not state the date when the tax deed shall issue. It cannot be said that the redemption period expires when the deed issues and that therefore the date when the deed is issuable is the date of the expiration, because the statute distinguishes between the two, and so shows that they are not to be regarded as the same. Nor can it be said that the notice implies that the deed will be delivered January 9th. It is consistent with the notice that it be delivered at any time after that date and the notice states definitely that there will be no right of redemption after January 9th, which would be false if the deed were not delivered on that day, and is therefore misleading. This notice cannot support the deed and plaintiff's title fails; it follows that it is unnecessary to consider the other defects alleged against it.

Defendants' counsel in his brief in this court states that he is willing that we should assume that his clients have no title or right except the right to reimbursement for taxes paid, lien for taxes, as he calls it; there is no need, therefore, that we should consider the questions concerning the validity of their tax title.

The judgment is reversed.