## No. 11,263.

### GREEN *v.* HALSTED, ET AL.

Decided June 22, 1925.

Action to quiet title. Decree for defendants.

### *Reversed.*

### *On Application for Supersedeas.*

1. JUDGMENT—*Default—Vacation.* The vacation of a default judgment and granting leave to defend, is a matter within the sound discretion of the trial court, whose ruling thereon will not be disturbed on review.

2. TAXES AND TAXATION—*Deed—Defective Notice.* Notice of foreclosure of redemption under tax sale which erroneously states the expiration of time of redemption, and does not state when the deed will issue, is insufficient.

3. QUIETING TITLE—*Judgment.* In an action to quiet title the decree should limit the rights of the parties so as to avoid embarrassment at a future day.

4. TAXES AND TAXATION—*Sale—Redemption—Reimbursement for Taxes Paid.* In an action to quiet title under a tax deed, decree being against plaintiff and no payment of taxes being proven, he could not recover this item, even if recoverable, which is not decided.

5. JUDGMENT—*Default—Vacation—Effect.* On application of one defendant to vacate a default judgment, the court is without power to set it aside with reference to other defendants who do not appear.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. GEORGE LERG, for plaintiff in error.

Mr. JOHN F. MAIL, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

GREEN brought a suit to quiet title against Halsted and others. Only the City of Denver answered, the others defaulted. Trial was had and judgment for the plaintiff. Some months afterwards, but within the term, the defendant Richardson applied for leave to answer and to set aside the judgment; this was granted as to all defendants and upon another trial the court found for the defendants and plaintiff brings error.

The ground for the vacation of the first judgment and the leave for Richardson to answer was that on Richardson's claim that he had never been served with summons the court heard evidence and found that, conceding that he had been served, there was reason to believe that he was misled by a belief that the summons was in a different suit, and that it was a proper case for leave to defend. The matter is for the sound discretion of the court and we cannot disturb its finding.

It is clear that the plaintiff did not prove ownership. He alleged title in fee and sought to prove it by a tax deed. The sale was November 13, 1919, the expiration of redemption was therefore November 13, 1922. The notice states it to be on the 15th day of December, 1922, and does not state when the deed will issue. It is the same in this respect as the notice in *Young v. Rohan,* 77 Colo. 70, 234 Pac. 694. This case is controlled by that and for the insufficiency of the notice the deed was invalid.

The judgment was that plaintiff take nothing by his bill. This was not enough. It would have been, in the ordinary suit in equity, but in a suit to quiet title where the plaintiff merely states his ownership and possession and the defendant is then required to state what his claim is, if he has any, the defendant is the real plaintiff; therefore, instead of merely being permitted to go without day, his rights, whatever they may be, and their relation to the plaintiff's rights should be determined. The title

should be "limited by decree of the court according to the rights of the parties so as to avoid embarrassment at a future day." *Fox v. Coon*, 64 Miss. 465, 1 So. 629. This would, of course, necessitate determination of plaintiff's rights.

The plaintiff says that he ought to have been reimbursed for taxes paid, etc. There is no proof of these payments, consequently they cannot be recovered, even if they were otherwise recoverable, which we do not decide. *McCracken v. Cones,* 53 Colo. 321, 125 Pac. 497.

It is claimed that upon the application of Richardson to vacate the judgment the court had no power to vacate it with reference to the other defendants. We think that is correct. After the first judgment the proceedings were a nullity except as to those defendants who appeared again. *Osmont v. All Persons, etc.,* 165 Cal. 587, 133 Pac. 480.

Supersedeas is denied. Judgment is reversed with directions to enter a decree not inconsistent with this opinion.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.