## No. 11,378.

### CITY AND COUNTY OF DENVER v. BULLOCK.

Decided June 28, 1926. Rehearing denied September 27, 1926.

Action to quiet title. Judgment for plaintiff.

#### *Reversed.*

1. TAXES AND TAXATION—*Deed—Municipal Improvement Lien.* A valid tax deed cuts off municipal liens for improvement taxes which accrued before the tax for which the deed was issued.

2. QUIETING TITLE—*Parties.* A city, being charged with the collection of municipal improvement taxes in which she has an interest, may question the validity of a tax deed, in a suit to quiet title, which, if valid, would cut off her lien.

3. TAXES AND TAXATION—*Deed—Validity.* See *Young v. Rohan,* 77 Colo. 70; *Hamer v. Glenn Inv. Co.,* 75 Colo. 423.

4. *Tax Deed—Estoppel.* While as a general rule a county or state may not deny the validity of its deed, the estoppel applies only when it is acting in a proprietary and not in a governmental capacity.

5. *Tax Deed—Counties.* A tax deed held not to be a deed of the city of Denver, but of the county treasurer acting for the state, and the city not estopped to deny the validity of the deed in an action to quiet title.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. HENRY E. MAY, Mr. MILNOR E. GLEAVES, Mr. FRANK L. HAYS, for plaintiff in error.

Mr. GEORGE H. LERG, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

BULLOCK had a decree in the district court quieting his title to lots 29-38, block 15, Lincoln subdivision. The city was a defendant and brings the case here for review.

The plaintiff claimed under a tax deed; the city held liens for improvement taxes which accrued before the tax on which plaintiff's deed depended. The deed cuts them off, if it is valid; if not they stand. The city is charged with the duty of collecting and distributing these taxes according to law and part of them belongs to her to pay her bonds; she is, then, in a position to question the deed's validity. *Young v. Rohan,* 77 Colo. 70, 234 Pac. 694.

The city claims that the tax deed is void on its face. It is so, for the same reason that the deeds in *Young v. Rohan, supra,* and *Hamer v. Glenn Inv. Co.,* 75 Colo. 423, 226 Pac. 299, were void. The defendant in error, however, objects that the city cannot deny the validity of the deed, because not even a sovereign state can deny the validity of its own grant. The rule is supported by almost unanimous authority. *Fletcher v. Peck,* 6 Cranch, 87, 3 L. Ed. 162; *Vermont v. Soc. P. G.,* 28 Fed. Cas. 1155, No. 16,920. *Chicago, etc., Co. v. Douglas County,* 134 Wis. 197, 114 N. W. 511, 14 L. R. A. (N. S.) 1074, where a great number of the cases are collected. There are two answers, however, to this proposition:

1. The estoppel applies to the state or municipality only when acting in its proprietary capacity. *Chicago, etc., Co. v. Douglas County, supra.* There are some cases which go farther, but we do not agree with them, and the great weight of authority is with us. *Colorado*

*Springs v. Colorado City,* 42 Colo. 75, 84, 85, 94 Pac. 316. Here the city is acting in her governmental capacity, in the capacity usual to a county, exercising for the state one of the high prerogatives of sovereignty, the collection of taxes. She had no right, title or interest in the property described in the deed.

2. The deed is not the deed of the city. It does not purport to be such, but to be the deed of the treasurer acting in the capacity usual to a county treasurer, not as the agent of the city nor in any way controlled by the city or any of her officials, but by the state of Colorado and her laws. There is then no estoppel.

It follows that the city was entitled to judgment upon this record.

Judgment reversed with directions to proceed not inconsistently with this opinion.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.