## No. 11,589.

### CITY AND COUNTY OF DENVER v. MURRY.

Decided June 20, 1927.

Action to quiet title.  Judgment for plaintiff.

*Reversed.*

1.  TAXES AND TAXATION—*Tax Deed—Validity.*  A tax deed issued under a sale held at a date later than that fixed by statute, no cause appearing therefor, is void.

2.  *Tax Deed—City not Estopped to Deny Validity.*  The City and County of Denver held not estopped to deny the validity of a tax deed to property upon which it asserts prior tax liens.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. HENRY E. MAY, Mr. FRANK L. HAYS, for plaintiff in error.

Mr. GEORGE A. CHASE, for defendant in error.

*En Banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

DEFENDANT in error, hereinafter referred to as the plaintiff, brought this suit against plaintiff in error, hereinafter designated as the defendant, to quiet plaintiff's title to certain real estate in the City and County of Denver.  The complaint was in the usual form.  The answer of defendant denied ownership of plaintiff and his right to possession, and set forth the interest claimed by defendant in the property as consisting of thirteen items of tax liens on account of certain unpaid general and

special taxes, and asked that these liens be declared to be prior to the interest of plaintiff. Plaintiff claimed under a tax deed and averred that the liens, claimed by defendant, which attached to the property prior to the tax sale pursuant to which plaintiff's tax deed issued, were invalid. Plaintiff also claims that defendant is estopped to deny plaintiff's title. Trial to the court, findings and judgment for plaintiff, and defendant prosecutes error.

The plaintiff admits that if his tax deed is inoperative, the taxes, which became a lien prior to the sale pursuant to which his deed was issued, have not been extinguished.

The notice of sale and of application for plaintiff's deed, shows that the time for redemption of the property from the sale for taxes ''Will expire on October 31, 1924,'' while the fact was that the redemption period expired three years from November 25, 1914. Furthermore, plaintiff's deed showed on its face that the sale was held on November 23, which was not the second Monday in November, 1914.

Plaintiff's tax deed in this case, as in *Hamer v. Glenn,* 75 Colo. 423, 226 Pac. 299; *Young v. Rohan,* 77 Colo. 70, 234 Pac. 694; *Chase v. Bogardus,* 78 Colo. 573, 243 Pac. 546; *City and County of Denver v. Bullock,* 80 Colo. 9, 249 Pac. 498; *Wenig v. Lyons,* 81 Colo. 6, 252 Pac. 889; and *Howe v. Bennett,* 81 Colo. 20, 253 Pac. 29 shows no cause, nor does the record contain any evidence of cause, for the postponement of the sale, and his deed is therefore void under the authority of those cases.

The defendant is not estopped to deny the validity of plaintiff's deed. The *City and County of Denver v. Bullock, supra.*

The latter case is decisive of the questions raised in the instant case, and the judgment of the trial court is therefore reversed, with instructions to enter judgment for defendant.

Mr. Justice Denison not participating.