## No. 14,871.

### STAPLES *v.* TODD.
(117 P. [2d] 1005)

Decided October 6, 1941.

Mr. FRANK L. HAYS, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

HORACE B. TODD, defendant in error here, brought an action against plaintiff in error Staples, the record owner, and others, to quiet title to certain real property, basing his right to bring the action on a certain treasurer's deed to the premises which he had obtained from the proper officials. Default was taken against all defendants except Staples, who contested the action, but against whom judgment was entered at the trial. She seeks reversal on a writ of error. There is no appearance for defendant in error Todd. Reference will be made to the parties by name.

While several points are argued for reversal of the judgment, because of the view we take, we think it necessary to consider only one.

The principal contention of Staples is that the notice published by the treasurer as to when the "time for redemption of said real estate from said tax sale" would expire did not speak the truth. We agree with this contention and consequently hold that there should be a reversal of judgment.

The notice recites merely that said time for redemption "will expire on the 27th day of October, A.D. 1938." There is no statement in the notice as to when the deed should issue, and it appears from the record that the period of redemption had actually expired on the 17th day of December preceding, or over seven months prior to the publication of notice "of application for issuance of treasurer's deed," so it is at once apparent that the notice did not speak the truth in this particular.

For authority that such a discrepancy is fatal to the validity of a tax deed, see *Young v. Rohan,* 77 Colo. 70, 234 Pac. 694; *Green v. Halsted,* 77 Colo. 578, 238 Pac. 40, and *Denver v. Murry,* 82 Colo. 128, 257 Pac. 359.

The judgment is reversed.