No. 15,596.

ESHE *v.* CLOUGH ET AL.
(179 P. [2d] 979)

Decided April 14, 1947.

Mr. ALLYN COLE, Mr. BRUCE COLE, for plaintiff in error.

Mr. FRANK DELANEY, Mr. FORREST C. NORTHCUTT, for defendant in error Clough.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

ANNIE H. ESHE, also known as Anna M. Eshe, brought an action in the district court against L. W. Clough, C. H. Durant as county treasurer and public trustee of Garfield county, and the Rifle Production Credit Association, a corporation, to set aside a treasurer's deed; permit redemption of the lands therein described; and quiet her title to the same. Defendant Durant, both as treasurer and public trustee, and the Rifle Production Credit Association, a corporation, defaulted. The only parties to the action appearing here are plaintiff Eshe and defendant Clough, to whom we will herein refer as plaintiff and defendant or by name.

The trial was to the court, and at its conclusion judgment was entered in favor of defendants, to review which plaintiff has brought the cause here by writ of error.

Plaintiff alleged that she was the owner in fee and entitled to the possession of certain lands in Garfield county which had been sold on December 10, 1930, for delinquent 1929 taxes. She further alleged the official capacity of defendant Durant and the corporate existence of the Rifle Production Credit Association and the reason for making these parties defendant; further, that defendant Clough, being the then holder and owner of the tax sale certificate issued on December 10, 1930, to Garfield county and duly and regularly assigned to defendant, caused the county treasurer to publish and serve a notice of application for tax deed in which he

advised that unless sooner redeemed from the lien of the tax sale certificate a treasurer's deed would issue on November 22, 1937. On the morning of November 22, 1937, plaintiff appeared at the office of the county treasurer, tendered the necessary amount to effectuate a redemption of the lands from the lien of the tax sale certificate, which tender was refused, and plaintiff was advised that prior to said tender, and on the morning of November 22, 1937, a treasurer's deed had been issued and recorded. Plaintiff further alleged that the treasurer's deed is a cloud upon her title and is void; she offers to do equity and prays that she be permitted to pay all sums found legally due as taxes upon said property and to have her title quieted against the treasurer's deed.

Two separate bills of particulars were ordered and filed by plaintiff, in the first, the notice of application for tax deed on the certificate owned by defendant was set forth haec verba, and in the second plaintiff specifically alleged the grounds upon which it was contended the tax sale certificate and the treasurer's deed were void.

In defendant Clough's separate answer he admitted that he owned the tax sale certificate in question; that a treasurer's deed was issued upon the same, and that he was in possession of the premises. He denied all other allegations in the complaint, concluding with a prayer for dismissal and costs.

The evidence discloses that one Clara H. Havemeyer was the owner of the tract of land here involved and defaulted in the payment of her taxes assessed against the property for the year 1929. On the 10th day of December, 1930, this Havemeyer property was sold for the delinquent taxes, and the treasurer issued certificate of purchase No. 61 to Garfield county, Colorado. Thereafter and on the 10th day of April, 1937, said certificate No. 61, together with subsequent tax payments endorsed thereon, was duly and regularly assigned by the treas-

urer to defendant, who paid the taxes assessed upon the property for the year 1936.

Upon application of defendant Clough for a treasurer's deed, the notice thereof was issued by the treasurer on July 26, 1937, those parts of said notice necessary for consideration here being:

"That at the time of said assessment and said sale, said property was taxed in the name of Clara H. Havemeyer.

"That L. W. Clough, the assignee and present holder of said certificate of purchase, has made application to me for a Treasurer's or Tax Deed to said property, *provided the same has not been redeemed from said sale for taxes before the issuance of said deed.*

"That the statutory time for redemption from said sale did expire on the 10th day of December, 1933.

"That I will, on the 22nd day of November, 1937, execute and deliver to said L. W. Clough a Treasurer's Tax Deed to said property above described, *unless the same has been redeemed from said sale before the issuance of said deed on the date as hereinbefore fixed.*" (Italics supplied.)

The evidence further discloses that Clara H. Havemeyer, after receipt of the notice of application for tax deed, corresponded with the county treasurer with reference to the redemption of the property from the tax sale, and in the county treasurer's replies to inquiries, she was definitely informed of the correct amount necessary to redeem and also advised that a treasurer's deed would issue on November 22, 1937, unless redemption occurred prior thereto.

The undisputed evidence discloses that on the morning of November 22, 1937, the treasurer called for his mail in order that he might ascertain whether there was any communcation from Clara H. Havemeyer with reference to the redemption of the property, and, finding none, that he issued a treasurer's deed immediately upon returning to his office, and thereafter recorded it in ac-

cordance with the demand and request of the owner of the certificate of purchase. The deed evidenced the recordation thereof in the office of the county clerk and recorder at 8:45 A.M., on November 22, 1937.

Thereafter, at 9:40 A.M., on November 22, 1937, plaintiff recorded in the office of the county clerk and recorder a quitclaim deed to her from Clara H. Havemeyer to the premises here in question, which deed was dated November 15, 1937, and which was in the possession of plaintiff for several days prior to November 22, 1937, but not recorded. Plaintiff, shortly after recording the deed, repaired to the office of the county treasurer and tendered the necessary fees for redemption, which tender the treasurer refused.

While there are seven points specified for reversal, plaintiff, with commendable frankness, states that she relies upon only two of them, those being, as stated in her brief: "1. That the notice did not speak the truth in the matter of the date of the expiration of the statutory period of redemption. 2. That since November 21st, 1937, was Sunday and the notice stated that tax deed would issue on November 22, 1937, that thereby a limitation of time for redemption was fixed, the last day of which being Sunday, an additional day for redemption was automatically added." These will be discussed in that order.

1. Section 264, chapter 142, '35 C.S.A., provides, inter alia, as follows: "Real property sold under the provisions of the revenue law of 1902 may be redeemed by the owner, his agent, assignee or his attorney, or by any person having a legal or equitable claim therein, *at any time before the expiration of three years from date of the sale, or thereafter at any time before the execution of the treasurer's deed* to the purchaser, his heirs or assigns." (Italics ours.)

The sale occurred on December 10, 1930, and, under the provisions of the statute, the period of the statutory time for redemption should be December 10, 1933, un-

less, as plaintiff contends, it was extended until December 11, 1933, because it so happened that December 10, 1933, fell on Sunday. We have no statute, such as is to be found in some states, providing that in computing time with regard to statutory notices, when the last day falls on Sunday. that day is excluded, and the act required may be performed on the following Monday.

■ It is a general rule of statutory construction in jurisdictions where not otherwise expressly provided that whenever the last day for performance of a statutory act falls on Sunday, the act must be performed on the preceding day. Sedgwick on the Construction of Statutory and Constitutional Law (2d ed.) 358; 1 Lewis' Southerland Statutory Construction (2d ed.) 335; Endlick Interpretation of Statutes, p. 550.

"Although there is authority to the contrary, it is usually held that in computing the time within which an act required by any statute must be done, if the last day therefor falls on a Sunday, the time for the performance of the act is not extended to the Monday following, but the last day for performance is the preceding Saturday, in the absence of an express statutory provision to that effect or a manifest legislative intent to exclude Sunday." 52 Am. Jur., p. 346, §20.

"It is a general rule, made so by statute in many jurisdictions, that, except where the act in question may be lawfully done on Sunday, when the last day of a period of time within which an act is to be done falls on Sunday, that day is excluded from the computation and the act may be rightfully done on the following secular or business day; * * * The rule applies, however, only where there is some act to be performed on the last day, which is Sunday, and hence it does not apply where Sunday is the last day of a period which is fully to elapse before the act is to be done." 62 C.J., p. 1000, §49.

Section 255, chapter 142, '35 C.S.A., as amended by S.L. '37, p. 1053, provides, that before a treasurer's deed shall issue for any land of a value of $100 or more, sold

for taxes or special assessments, the tax certificate holder shall make request upon the county treasurer, who shall then serve notices of the application not more than five months and at least three months before the time of issuance of treasurer's deed, which notice shall contain the following: "He shall state when the applicant or his assignor purchased the land or lot or other premises, in whose name it was taxed, the description of the land or lot or premises purchased, for what year taxed or specially assessed, and when the time of redemption will expire, or when the tax deed shall be issued."

 Our revenue act and amendments thereto is a complete system of procedure in tax matters, and, therefore, its provisions must be construed by general rule applicable to statutory proceedings; consequently, the provisions of our late lamented Code of Civil Procedure, as well as our newly adopted Colorado Rules of Civil Procedure, have no application. In Colorado this general rule seems to have been followed. *Vailes v. Brown,* 16 Colo. 462, 27 Pac. 945; *City of Denver v. Londoner,* 33 Colo. 104, 80 Pac. 117; *Cruse v. Richards,* 95 Colo. 485, 37 P. (2d) 382.

Under this specification plaintiff takes the position that the statements in a "Notice of Application for Tax Deed" must be true, and, if not, the application is void and the treasurer's deed issued thereon is a nullity. The alleged falsity is based entirely upon the contention that December 10, 1933, being Sunday, said notice should have stated that the statutory period for redemption from said sale did expire on the 11th day of December, 1933. In support of this contention plaintiff relies upon our decisions in *Young v. Rohan,* 77 Colo. 70, 234 Pac. 694; *Green v. Halsted,* 77 Colo. 578, 238 Pac. 40; *Denver v. Murry,* 82 Colo. 128, 257 Pac. 359; *Staples v. Todd,* 108 Colo. 386, 117 P. (2d) 1005. As will appear, none of these we believe is in point or decisive here.

In *Young v. Rohan, supra,* the notice of application for treasurer's deed reads: "That the time for redemption of said property from said sale for taxes will expire on the 9th day of January, 1918, and unless the same has been redeemed on or before that date I will execute and deliver to said Sternberger a treasurer's or tax deed to said property above described as provided by law." The sale in that case occurred on November 27, 1914, and the three year stautory redemption period expired November 27, 1917; consequently the statement that it expired on January 9, 1918, was entirely false, and this falsity voided the notice. In the decision it is definitely stated: "The notice states the date of the statutory expiration of redemption falsely and does not state the date when the tax deed shall issue. It cannot be said that the redemption period expires when the deed issues and that therefore the date when the deed is issuable is the date of the expiration, because the statute distinguishes between the two, and so shows that they are not to be regarded as the same. Nor can it be said that the notice implies that the deed will be delivered January 9th. It is consistent with the notice that it be delivered at any time after that date and the notice states definitely that there will be no right of redemption after January 9th, which would be false if the deed were not delivered on that day, and is therefore misleading. This notice cannot support the deed and plaintiff's title fails; it follows that it is unnecessary to consider the other defects alleged against it."

In *Green v. Halsted, supra,* we find the following: "It is clear that the plaintiff did not prove ownership. He alleged title in fee and sought to prove it by a tax deed. The sale was November 13, 1919, the expiration of redemption was therefore November 13, 1922. The notice states it to be on the 15th day of December, 1922, *and does not state when the deed will issue.* It is the same in this respect as the notice in *Young v. Rohan,* 77 Colo. 70, 234 Pac. 694. This case is controlled by that

and for the insufficiency of the notice the deed was invalid."

In *City and County of Denver v. Murry, supra,* we find the statement:

"The notice of sale and of application for plaintiff's deed, shows that the time for redemption of the property from sale for taxes 'Will expire on October 31, 1924,' while the fact was that the redemption period expired three years from November 25, 1914. Furthermore, plaintiff's deed showed on its face that the sale was held on November 23, which was not the second Monday in November, 1914.

"Plaintiff's tax deed in this case, as in [cited cases] shows no cause, nor does the record contain any evidence of cause, for the postponement of the sale, and his deed is therefore void under the authority of those cases."

In *Staples v. Todd, supra,* according to the opinion, the one point presented and considered was:

"The principal contention of Staples is that the notice published by the treasurer as to when the 'time for redemption of said real estate from said tax sale' would expire did not speak the truth. We agree with this contention and consequently hold that there should be a reversal of judgment.

"The notice recites merely that said time for redemption 'will expire on the 27th day of October, A. D. 1938.' There is no statement in the notice as to when the deed should issue, and it appears from the record that the period of redemption had actually expired on the 17th day of December preceding, or over seven months prior to the publication of notice 'of application for issuance of treasurer's deed,' so it is at once apparent that the notice did not speak the truth in this particular."

▉▉ In the instant case the notice, it will be recalled, contained the statement that the statutory time for redemption from said sale expired on December 10, 1933, and this was in strict accordance with the provisions of

section 264, supra. Whatever the rule of construction may be in other jurisdictions and under other circumstances, in Colorado we have never extended statutory provisions limiting the time in which an act must be performed so as to include another day when the last day for its performance falls on Sunday. We cannot escape the conclusion that a statutory act must be performed within the time limited, and if the last day falls on Sunday, the time cannot be extended to include the following day. We hold that the notice contained a correct statement as to the expiration of the statutory time within which the redemption might be made.

▮ 2. It next is contended that the deed is void because it was issued on the 22nd day of November, 1937, in accordance with the statement in the notice of application for tax deed. Clearly the notice contains a statement which definitely advised the person upon whom served that the redemption might be made at any time before the issuance of the treasurer's deed, and also a definite notice that the deed would be executed and delivered to the tax certificate holder on November 22, 1937, unless the redemption occurs prior to that day. It will be observed that section 255, supra, as amended, provides that the notice of application for treasurer's deed shall state, "When the time of redemption will expire, or when the tax deed shall issue." The notice in the instant case contains both statements rather than the alternate statements, and this clearly distinguishes the facts in this case from the factual situation existing in *Young v. Rohan, supra,* and other cases following our decision therein.

As we understand counsel for plaintiff, he contends that because November 21, 1937, did fall on Sunday, plaintiff was entitled to make the redemption at any time on November 22, 1937. It is a fact that the treasurer's deed, in accordance with the demand of the tax certificate holder, was issued at 8:45 A.M., on November 22, 1937, and thereafter, at about 9:40 A.M.,

plaintiff recorded a quitclaim deed to the premises described in the tax sale certificate, and shortly thereafter sought a redemption from the tax sale. The notice of application for a treasurer's deed was dated July 26, 1937, which was more than three months and less than five months before the issuance of the treasurer's deed, during all of which time plaintiff or her predecessor in interest had full opportunity to pay the taxes justly assessed against the property and have averted the consequences of a treasurer's deed. The correspondence attached as exhibits in the record is such that there can be no doubt that the title owner of the property was fully aware that a deed would issue on November 22, 1937, unless redemption was made before that time. Plaintiff testified that notwithstanding the fact that she was in possession of the deed several days before each recordation, she was relying upon the statement of the treasurer that she would have until the evening of November 22, 1937, within which to redeem. This statement of the plaintiff was flatly contradicted by the county treasurer. On the morning of November 22, 1937, out of an abundance of precaution, the county treasurer went to the postoffice to ascertain whether Mrs. Havemeyer, the record owner of the lands in question, had sent the necessary funds with which to make the redemption, and receiving no communication from her at that time, immediately thereafter executed the deed.

Section 264, supra, clearly entitled plaintiff here to make a redemption at any time *before* the issuance of the treasurer's deed on November 22, 1937, and the treasurer's deed having been issued before she had any recorded interest in the property and before the treasurer had been apprised of the fact that she had obtained any interest thereto, it was his duty on demand of the tax certificate holder to issue the deed, and this he did. If plaintiff's contention should be upheld, then we would be confronted with a situation where the treasurer's deed might not legally be issued on November 22, 1937,

but only thereafter, and this is not in accordance with any statutory provision to be found in the revenue act.

We hold that the notice of application for tax deed was legally sufficient and that the issuance of the treasurer's deed on the morning of November 22, 1937, before any attempted redemption, was in accordance with the provisions of the statute and in strict compliance therewith.

There is no reversible error in the record, and the judgment accordingly is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.