## No. 16,004.

### Tewell *v.* Galbraith et al.

(205 P. [2d] 229)

Decided March 14, 1949.   Rehearing denied April 18, 1949.

Messrs. Munson & Kreager, for plaintiff in error.

Mr. John G. Reid, Mr. Percy S. Morris, for defendant in error.

Messrs. CHUTKOW & ATLER, amici curiae.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

THIS is a controversy concerning the validity of a tax or treasurer's deed to certain land in Lincoln county. The trial court held the tax deed to be valid and quieted title to the property conveyed in defendant Galbraith. Plaintiff Tewell seeks reversal of the judgment contending, inter alia, that the "notice of purchase of real estate at tax sale and of application for issuance of treasurer's deed" is insufficient and the deed based thereon, void. ██ ██ We have held that a notice of application for a tax deed which does not speak the truth is void, and that a tax deed issued thereon is a nullity. *Young v. Rohan,* 77 Colo. 70, 234 Pac. 694; *Green v. Halstead,* 77 Colo. 578, 238 Pac. 40; *Denver v. Murry,* 82 Colo. 128, 257 Pac. 359; *Staples v. Todd,* 108 Colo. 386, 117 P. (2d) 1005. Section 264, chapter 142, '35 C.S.A., permits redemption "At any time before the expiration of three years from the date of sale, or thereafter at any time before the execution of the treasurer's deed"; and section 255, id., as amended in 1937 (S. L. '37, p. 1054), provides that the notice of application for tax deed shall contain a statement as to "when the time of redemption will expire, or when the tax deed shall be issued." The phrase "the time of redemption" has been construed to refer to the three-year statutory period of redemption. *Young v. Rohan, supra.* Such period in the instant case had already expired at the time the notice was given, and it was unnecessary to refer thereto in the notice. We are here concerned only with the recital in the notice, "That a tax deed will be issued * * * on the 16th day of September, A. D. 1942, unless the same has been redeemed," and to ascertain whether that statement is false.

■ Considering a similar notice in *Eshe v. Clough,* 116 Colo. 266, 179 P. (2d) 979, we held that when the notice contained a statement that the tax deed would issue on a day certain, that the deed could be issued at any time during that day, and that redemption from the tax sale would be lawful at any time prior to the actual execution of the deed on that day, and we rejected the contention that the deed could only be issued after the date mentioned in the notice. The notice recited, "That I will on the 22nd day of November, 1937, execute and deliver to said L. W. Clough a Treasurer's tax deed to said property above described, unless the same has been redeemed from said sale before the issuance of said deed on the date as hereinafter fixed." Concerning this notice we said: "Clearly the notice contains a statement which definitely advised the person upon whom served that the redemption might be made at any time before the issuance of the treasurer's deed, and also a definite notice that the deed would be executed and delivered to the tax certificate holder on November 22, 1937, unless the redemption occurs prior to that day."

In *Young v. Rohan, supra,* the notice of application for tax deed recited: "That the time for redemption of said property from said sale for taxes will expire on the 9th day of January, 1918, and unless the same has been redeemed on or before that date, I will execute and deliver to said Sternberger a treasurer's or tax deed to said property above described as provided by law." In construing this notice we stated: "The notice states definitely that there will be no right of redemption after January 9th, which would be false if the deed were not delivered on that day, and is therefore misleading. The notice cannot support the deed and plaintiff's title fails;"

The notice in the present case definitely informs those entitled to redeem that a deed would issue September 16, 1942, and that the right of redemption would ter-

minate on that date. This is an erroneous statement, because such right to redeem continued, under the above statute, after the date set forth in said notice and until the tax deed was actually issued. It is conceded by all parties that the deed here in question was not issued on the date set forth in the notice but that it was executed sometime during the following day.

█ The time within which the property here involved could be redeemed from tax sale depended entirely upon the notion of the county treasurer as to when he saw fit to execute the tax deed. The fact that he actually issued it sometime during the day following that mentioned in the notice is wholly immaterial. He might have waited for weeks or even months during which time the right to redeem would continue. The time when the owner's right to redeem would terminate was so uncertain and indefinite in the instant case as to render the notice ineffective.

The rule on this subject is well stated in 51 American Jurisprudence, Taxation, section 1119, from which we quote:

"A statutory notice of expiration of the time of redemption, or of intention to make application for a tax deed, must state the time when the redemption period expires with such certainty, clearness, and accuracy as to leave no room for doubt of the true date. Clearly, an error in the statement in the notice of the time for redemption indicating an earlier date than the true date of expiration of that time renders the notice insufficient and void, and some authorities hold that a notice is equally defective whether it extends or reduces the lawful time for redemption. Other courts, however, apply a more liberal rule, taking the position that if the notice states the last day upon which the land may be redeemed to be later than that provided by law the notice will not be void unless the owner shows that he offered to redeem within the time set out therein and was refused the right to do so. These courts are inclined

to take the view repudiated by most courts that a substantial compliance with the statute is sufficient.

"Indefiniteness in the statement of the date, or ambiguity as to the expiration date, or the statement of the expiration date in the alternative will ordinarily render the notice ineffective."

To the same effect, see, Black on Tax Titles (2d ed.), page 413, section 334, which reads in part as follows: "The time when the right of redemption will expire by law must be stated in the redemption notice clearly and with exact correctness. If the time stated is earlier than the time which the law fixes for the expiration of the right of redemption, though it be by no more than a single day, the notice will be fatally defective. And indeed it is held that whether the date named is earlier or later than the time when the redemption actually expires makes no difference; in either case the notice is invalid. * * * The specification of time in the notice must also be precise and unambiguous." See, also, Annotation, 82 A. L. R. 502.

It follows from the foregoing that the recital in the notice here considered is uncertain, indefinite, ambiguous and false, and by reason thereof the tax deed based thereon is void.

In view of the foregoing it is unnecessary that we pass upon other points raised. The judgment of the trial court is reversed, and the cause remanded for further proceedings in harmony herewith.

MR. JUSTICE JACKSON, MR. JUSTICE STONE and MR. JUSTICE MOORE dissent.

MR. JUSTICE MOORE dissenting.

In this case the real estate in question was sold for taxes on December 28, 1931, and certificate of sale thereof was issued to Lincoln county. About nine years thereafter, on October 8, 1940, the certificate was assigned to Galbraith. In 1942 Galbraith applied for the

issuance of a tax deed and on September 17, 1942, tax deed was issued. The majority opinion declares this tax deed void and the only basis for such declaration is that the notice given concerning the application for treasurer's deed is "uncertain, indefinite, ambiguous and false." This conclusion is reached solely upon the ground that the notice which was published on May 21, 1942, advised all persons claiming interest in said property that "a tax deed will be issued for said real estate to the said C. F. Galbraith on the 16th day of September, A. D. 1942, unless the same has been redeemed." It is said that this notice, relating as it does to an event to take place about four months in the future, is "uncertain, indefinite, ambiguous and false," because the deed to which the notice relates was not in fact issued until September 17, 1942, or on the day following the time fixed in the notice.

I submit that the only purpose for the publication of the notice is to protect the interest of the fee title owner and afford an opportunity for redemption prior to issuance of the deed. The fact that the deed was issued upon the day following that named in the notice in no manner whatever adversely affected those rights. Upon the contrary, the right to redeem continued for an additional day, and the defaulting tax payer actually had an extension of time for one day within which to redeem. Under the majority opinion he is permitted to capitalize upon this fact and reinstate his title to land which he had abandoned for tax paying purposes for twelve years.

I submit that a notice is either "certain" or "uncertain" at the time of its publication, and that a notice which is "certain" at that time cannot be made "uncertain" by something which happens or does not happen four months later. The same reasoning should be applied to a determination of the "indefiniteness" and the "ambiguity" and the "falsity" of the notice given in May, 1942. Tested in the scales of plain common sense any

person reading the notice at any time prior to the actual execution of the deed cannot say that there is one "uncertain," "ambiguous" or "false" word in it. The fact that the deed was issued on the day following that stated in the notice, cannot create "uncertainty," "indefiniteness," or "ambiguity" in a notice which for a period of four consecutive months contained none of these objectionable characteristics.

I am unable to agree that the notice becomes "false" simply because the deed was issued on the day following that named in the notice as being the time for the issuance of the deed. The delay does not give rise to the kind of "false" statement which is recognized in law. It could not possibly adversely affect the rights of the persons for whose benefit the notice was given. The date stated in the notice was a date upon which the tax deed could legally issue. A different situation would be presented if the deed had been issued in advance of the date named in the notice.

The cases relied on in the majority opinion involve an erroneous statement in the notice concerning the expiration of "the time of redemption." This has been held to mean the expiration of three years from the date of tax sale. Whenever such a date is not correctly stated in the notice, a false statement is made at the very moment of publication, because the statement relates to facts then existing. No such situation exists in the case at bar.

*Young v. Rohan,* 77 Colo. 70, 234 Pac. 694; and *Green v. Halstead,* 77 Colo. 578, 238 Pac. 40, cited in the opinion, were decided in 1925. Any support to be found in these authorities for the majority opinion was removed by the subsequent adoption by the legislature of chapter 40, section 151, '35 C.S.A., which provides in substance for a liberal construction of laws and documents affecting title to real estate to the end that such titles shall become absolute and free from "technical defects," and thus more secure and marketable.

The defect relied upon in this cause as a basis for voiding the deed is certainly a "technical defect." It did not in any manner whatever prejudice any right of the plaintiff who is nevertheless permitted to take advantage of it, to the unwarranted prejudice of the grantee in the treasurer's deed. Thus the majority opinion fails to give effect to the direction of the legislature as expressed in said statute.

In the recent case of *Colpitts v. Fastenau,* 117 Colo. 594, 192 P. (2d) 524, recognizing the force of the statute above cited, and the trend of modern decisions, we held "technical defects" insufficient to set aside a treasurer's deed. We there approved the following language quoted from an earlier case: " 'The payment of taxes is a duty which property holders owe to the government. If they neglect this duty they have no right to expect relief from the courts on account of *merely technical errors on the part of the public officers, where no substantial right has been lost or impaired as in this case.*' " (Emphasis supplied)

Certainly the "technical defect" here involved deprived the persons for whose benefit the notice was given of no "substantial right." Neither was any such right "lost" nor "impaired." Although they lost nothing by the "technical defect" and were not harmed in any way thereby, it becomes the instrument by which a deed is set aside, the legislative will is disregarded, and the language above quoted from the Colpitts' case ignored. Thus the facts, showing complete absence of injury, harm or prejudice resulting from a "technical defect" become weak and impotent, and a "technical defect" becomes strong and controlling.

I submit that the tax deed was issued in compliance with the law and that the judgment of the trial court was correct and should be affirmed.

Mr. Justice Jackson and Mr. Justice Stone concur in the views expressed in this dissent.